## LENHARDT v. FRENCH.

TORT—COUNTER-CLAIM—CONTRACT—LIMITATION OF ACTIONS—WAIVER.—
Withholding money belonging to testator from his executor and legatee is a tort, but in a suit by the administrator of such person against the legatee upon a contract with the intestate, the legatee may waive the tort and set up the obligation as an implied contract by way of counter-claim in the suit, but the statute of limitations will then apply, although legatee did not discover the facts until within the statutory period. MR. JUSTICE POPE *dissents.*

Before TOWNSEND, J., Greenville, April term, 1899.    Affirmed.

Action by Richard Lenhardt and W. R. Berry, administrators of A. J. French, against Jesse L. French.    From order striking out defendant's counter-claim, he appeals.

*Messrs. Blythe & Blythe, J. A. Mooney* and *B. M. Shuman,* for appellant, cite: *As to counter-claim:* Code, 172, sub. 2; 1 Mill, 393; 2 Hill, 340; 12 S. C., 45; 21 Wall., 302; 17 Wall., 207; 11 S. C., 337; Code, 163, sub. 2; 8 S. C., 103. *As to Stat. of Limitations:* 4 S. C., 257; 13 S. C., 379; 18 S.

C., 526; 19 S. C., 477; 23 S. C., 411; 33 S. C., 28; 21 Wall., 346; 2 McC., 426; 34 S. C., 147; 40 S. C., 435; Code, 112, sub. 6; 120 Wall., 130.

*Messrs. McCullough & Martin* and *J. P. Carey,* contra, cite: *As to the counter-claim:* 35 S. C., 475; 11 S. C., 337. *As to the same being barred:* Code, 112, sub. 6; 16 S. C., 614.

April 20, 1900.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    Paragraphs 1, 2, 3, 4 of the complaint allege that Mrs. A. J. French died intestate in April, 1898; that the plaintiffs were appointed her administrators in May, 1898; that defendant is a resident of Greenville County, S. C.; and that the defendant, on the 20th February, 1890, made his promissory note, whereby he obligated himself to pay to A. J. French $600, with eight per cent. interest, on or before 1st October, 1890, but that he had only paid $100 on said note on the 19th day of November, 1895.    All of which allegations were admitted in the answer except the payment of the $100, on 19th November, 1895.    This last was denied, and also all other allegations, in the fifth paragraph of complaint.    The answer also set up the plea of the statute of limitations.    "IV. The defendant, further answering, alleges that about twenty years ago, Jesse French, sr., departed this life, leaving of full force and effect his last will and testament, wherein he willed and devised to this defendant, who is his grand-son, and who was then a minor, all his property, including money on hand at the time of his death, and also all his real estate; that the said A. J. French, deceased, plaintiff's intestate, was the widow of the said Jesse French, sr., deceased, it became her duty to turn over to his executors, for the defendant, all of his money; that she did not do so, but retained in her possession $1,800 of said money, and converted the same to her own use; that the executors of the estate of the said Jesse French, sr., fully administered his estate and were discharged, and never knew that

the said A. J. French had converted said money to her own use; and that this defendant upon arriving at the age of 21 years received all the estate of the said Jesse French, sr., deceased, except the $1,800, but then did not know and never ascertained until after the death of the said A. J. French that she had converted said money to her own use, as she kept the act concealed from him and his guardian. V. That the said A. J. French retained the sum of $1,800 in her possession up to the time of her death, and at her death her estate became liable to pay the same to this defendant, with interest thereon from the time of the death of the said Jesse French, sr., deceased, and that no part thereof has ever been paid. VI. This defendant here sets up the sum of $1,800 and interest as a counter-claim, and demands judgment therefor in this action. Wherefore, this defendant demands judgment against the plaintiffs for the sum of $1,800, together with interest, from the       day of       , A. D., 1878, together with the costs of this action."

Plaintiffs replied to the counter-claim, denying all the allegations of fact set up in the answer, and also interposing the plea of the statute of limitations thereto. At the hearing before the Hon. D. A. Townsend, the plaintiffs demurred to the counter-claim of defendants; Judge Townsend sustained such demurrer, holding that, by the allegations of the answer, the conduct of Mrs. A. J. French was set up as a tort, and inasmuch as the plaintiff had sued upon a contract, such alleged counter-claim could not be set up. Furthermore, the Circuit Judge held that if, as the defendants contended before him, the contract of Mrs. A. J. French touching the $1,800 could be construed as an implied contract whereby she, Mrs. A. J. French, became obligated to pay the said $1,800 to the defendant, yet it was barred by the statute of limitations.

From this decretal order of Judge Townsend the defendant now appeals upon the grounds, substantially, as follows: 1. Because the Circuit Judge erred in holding the allegations setting up the counter-claim to be a *tort,* and, therefore, denied the application of such alleged *tort* as a counter-claim to

the contract sued on by the plaintiff; whereas, he should have held the same an implied contract on the part of Mrs. French, the intestate, to pay such money to this defendant. 2. Because the Circuit Judge erred in holding that such counter-claim was not pleaded as an implied contract, but as a tort; whereas, the answer did allege all the facts of a counter-claim under an implied contract, and hence it was sufficient under the Code. 3. Because the Circuit Judge erred in holding that, even if said counter-claim was properly pleaded as arising upon an implied contract, yet it was barred by the statute of limitations; whereas, the fraud in concealing the $1,800 was alleged not to have been discovered until within the six years immediately preceding the date of action brought.

It seems that the Circuit Judge has applied too harsh a construction to the allegations of fact set up in the defendant's answer relating to the $1,800 retained by plaintiff's intestate—Mrs. A. J. French—from the hands of the executors of her husband's will, and which said $1,800, under the will, belonged to the defendant. Under the second subdivision of section 171 of our Code of Procedure, the defendant was allowed to plead his said counter-claim, "in an action arising on contract, any other cause of action also arising on contract, and existing at the commencement of the action." It seems to us that the decision in *Bryce* v. *Parker,* 11 S. C., 337, very clearly points out that a litigant may elect between an action on tort and one on contract. The Code requires no specific words claiming that such an election has been made. It is enough if it appears to be made in effect in the pleading. It has too long been held, that "whenever one person has in his hands the money of another which he ought to pay over, he is liable in this action (old action of *assumpsit*), although he has never seen or heard of the person who has the right. When this fact is proved, "that he has the money, if he cannot show that he has a legal or equitable ground for retaining it, the law creates *the privity and the promise.*" It has been held that under the old pleadings

(that is, such as obtained prior to the Code), when the contract is open and something remains to be done besides the payment of the money, then the action must be general. This doctrine was held in *Marvin* v. *McRae, survivor,* Rice's Reports, 176. By the allegations, nothing was to be done in the case at bar but for plaintiff's intestate to pay the money in question to either the executors of her husband's will, or to the defendant as legatee under said will. *Bours & Bascombe* v. *Watson,* 1 Mill., 393; *Sebring, adm.,* v. *Keith,* 2 Hill, 340; *Forgartee & Sullivan* v. *State Bank,* 2 Rich., 578; *Peay* v. *Aiken,* 1 Strob., 103; *Buchanan* v. *Buchanan,* 4 Strob., 68; *Drake* v. *Whaley,* 35 S. C., 187, which cites a number of our cases in support of the form of action being *assumpsit for money had and received,* under the pleadings before the Code—held that the adoption of the Code does not destroy the rights of action. If it is true that Mrs. French died with the money of the defendant to the extent of $1,800 in her hands, and also holding a promissory note for $600 given to her by the defendant, how can it be said that the administrators of her estate can force the defendant to pay the $600—but that the defendant has no cause of action except in tort against such administrators for the $1,800? But it is said, granting that the counter-claim set up by defendant did arise from a contract implied by law, still the statute of limitations was a bar thereto, first, because it was not brought within the six years from the discovery of the fraud, required by section 112, subdivision 6, of the Code, to wit: because it was one of the cases solely cognizable in a Court of Equity. In what other tribunal than that of chancery was the defendant's action cognizable? Certainly not in law; for after the executors of the will of Jesse French, deceased, had been discharged from the office as such executors, how could the defendants, on the law side of the Court, get any relief against the plaintiff? We do not mean to imply that fraud is not cognizable either in law courts or in Courts of Chancery, but we do mean to say that, *under the facts* alleged by the defendant in his counter-claim, a Court

32—57

of Chancery was solely invested with power to afford relief. This being so, section 12 and subdivision 6 thereof apply; and as it is alleged this fraud was not discovered until within the six years immediately preceding this counter-claim, the statute of limitations is not a bar to this counter-claim.

The Circuit Judge having erred in sustaining the demurrer to the alleged counter-claim, the action remains for trial upon its merits. I think, therefore, our judgment should be: "It is the judgment of this Court that the order of the Circuit Court appealed from be reversed, and that the action be remitted to the Circuit Court for a trial thereof upon its merits." But I am overruled by the majority of the Court.

MR. JUSTICE GARY. I dissent, and concur in that part of Chief Justice McIver's dissenting opinion relating to the statute of limitations.

MR. JUSTICE JONES. I concur in the opinion of the Chief Justice.

MR. CHIEF JUSTICE McIVER, *dissenting.* Being unable to concur in the conclusion reached by Mr. Justice Pope in his opinion, I propose to state as briefly as practicable the grounds of my dissent, without undertaking to elaborate the argument. It is and must be conceded that if the counter-claim set up in the answer is based upon a tort, it cannot be pleaded as a counter-claim to the plaintiff's action, which is manifestly based upon a contract. Code, sec. 171. The first inquiry, therefore, is, whether the counter-claim, which is a cross-action, is an action *ex delicto,* based upon tort, or an action *ex contractu.* The allegations upon which the counter-claim is based substantially amount to this, that the plaintiff's intestate, at the time of her husband's death, had in her possession the sum of $1,800, belonging to her husband, which it was her duty, upon the death of her husband, to turn over to the executors of his will; that she not only did not perform this duty, but on the contrary she retained the possession of the said sum of money and converted the same to

her own use, concealing from the said executors and from the defendant (who under the will of her said husband was entitled to the said money) the fact that this money belonged to her husband, and the further fact that she had converted the same to her own use. These allegations practically amount to a charge of larceny, or at least to a breach of trust with a fraudulent intent, which by statute is declared to be larceny. The foundation of the claim made by the defendant is a tort of the gravest character alleged to have been committed by plaintiff's intestate, and, therefore, there was no error on the part of the Circuit Judge in so holding. But even if it be conceded that this was error, and that the counter-claim was based upon an implied contract arising out of a tort, which may be waived, and the action may proceed upon the contract, there is no doubt that where the tort arises out of a contract, the tort may be waived and the party may sue upon the contract. *Bryce* v. *Parker,* 11 S. C., 337. If, then, it be conceded the counter-claim is based upon an implied contract, then I agree again with the Circuit Judge, that the allegations upon which the counter-claim is based show upon their face that the counter-claim is barred by the statute of limitations. Sec. 94 of the Code provides that "Civil actions can only be commenced within the periods prescribed in this title after the cause of action shall have accrued," with certain exceptions which have no application here and the period prescribed in sec. 112 of the Code within which "an action on a contract, obligation or liability, express or implied," may be commenced is six years, except those provided for in sec. 3, which it cannot be pretended have any application here. And there can be no doubt that the pleadings show that the period of six years from the accrual of the alleged cause of action against plaintiff's intestate had long since elapsed before the commencement of this action.

It is contended, however, by the appellant that his counter-claim is protected from the bar of the statute of limitations by the provisions contained in subdiv. 6, of sec. 112, of the Code, which reads as follows: "Any action for relief on the

ground of fraud in cases which heretofore were solely cognizable by the Court of Chancery, the cause of action in such a case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." And the contention on the part of the appellant is that as it is alleged that plaintiffs' intestate concealed the fact that she had money in her hands belonging to her husband, which she had converted to her own use, until her death, the facts constituting the fraud on the part of plaintiffs' intestate were not discovered until after her death, which seems to have occurred some time in April, 1898, the cause of action on the counterclaim did not arise until that time, and hence is not yet barred under the provision of the Code last cited. That provision only applies by its express terms to an "action for relief on the ground of fraud," in a case which prior to the Code was "solely cognizable by the Court of Chancery." It is necessary, therefore, to inquire: 1st. Whether this is an action (or being a counter-claim, a cross-action,) for relief on the ground of fraud; 2d, whether it is a case which, prior to the Code, was "*solely* cognizable by the Court of Chancery?" 1st. If it is an action for relief on the ground of fraud, then clearly there was no error in sustaining the demurrer upon the first ground taken by the Circuit Judge, as fraud is unquestionably a tort; and, as we have seen, a tort cannot be pleaded as a counter-claim to an action on a contract. 2d. Is this a case which, prior to the Code, was *solely* cognizable by the Court of Chancery? Clearly it was not. Nearly all of the cases cited in the leading opinion show that the remedy in a case like this, prior to the Code, was by an action *of assumpsit* for money had and received by the defendant to the use of the plaintiff, purely an action *at law,* and cannot, therefore, be regarded as a case "*solely* cognizable by the Court of Chancery." Indeed, as the plaintiff in such a case had a plain and adequate remedy at law, the Court of Chancery could not take cognizance of it at all. In one of these cases, *Bours & Bascombe* v. *Watson,* 1 M. Con. Rep., 393, Nott, J., in delivering the opinion of the Court, uses this language:

"Whenever one person has got the money of another by fraud or extortion, or by taking any undue advantage of the plaintiff's situation, or in any other manner in which, *ex aequo et bono,* he ought not to retain it, an action for money had and received will lie to recover it back." So, in *Sebring, as admr. of Montaigne* v. *Keith, as admr. of Keith,* 2 Hill, 340, in which the facts were much like the facts in the present case, the defendant's intestate had appropriated money belonging to plaintiff's intestate, an action at law for money had and received was sustained. The case of *Miles* v. *Berry,* 1 Hill, 296, may also be cited as throwing a doubt, at least, upon one of the cases cited by appellant's counsel, *Harrel* v. *Kelly,* 2 McC., 426, for in the case of *Miles* v. *Berry,* where the maker had fraudulently obtained possession of a note which he had given to the plaintiff, and concealed the fact that he had possession of the note until after the statutory period had expired, it was held that the statute of limitations, was a bar to the action, notwithstanding the defendant's fraud, which had not been discovered by plaintiff until within three years before the action was commenced. In delivering the opinion of the Court in that case, O'Neale, J., uses the following language: "The act of 1712, P. L., 102, directs that the action of *assumpsit* shall be brought within four years next after the cause of action (accrued) and not after. To ascertain therefore, whether the plaintiff's action is barred, the most important inquiry is, when did the cause of action accrue? When this is ascertained, the determination whether the statute has run out, is a mere matter of numerical calculation, which can be easily made. Many of the difficulties in the cases upon the statute of limitations have arisen from losing sight of the words of the statute, and looking to what appeared to be just and right between the parties. The Judges here and elsewhere have, however, set about the work to reform in this respect, and are now endeavoring to conform to the statute." So that here it may be said that while it may be a hardship upon the defendant to have the statute of limitations applied to the counter-claim,

when he did not know of the existence of such claim until within the statutory period, the Court has no right to relieve him by incorporating into the statute an exception which the legislature has not seen fit to place therein, especially where it has incorporated a saving clause in a certain class of cases to which, as has been shown, this case does not belong.

It seems to me that there was no error on the part of the Circuit Judge in sustaining the demurrer upon either of the grounds upon which he bases his conclusion, and, therefore, his judgment should be affirmed, and as the majority of this Court agree that the judgment of the Circuit Court should be affirmed, .

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.