HICKSON v. EARLY.

1. NOTES—ASSIGNEE—FRAUD—MISREPRESENTATION.—AN ANSWER alleging as a defense to an action by an assignee of a note before maturity, that it was given for articles to be resold, which the payee represented could be readily sold at a certain price, and at which payer contracted to sell them, and that they had never been sold at a less price, giving payer names of persons to whom they had been sold at that price, all of which were untrue and so known to payee, and that assignee had notice thereof before assignment, states a

good defense to the notes on the ground of fraud and misrepresentation. *Lebby* v. *Ahrens, 26* S. C., *275, distinguished from this.*

2. AN EXCEPTION stating a ground of demurrer to answer as stated on Circuit, and alleging error of law in sustaining demurrer, is not too general.

3. DEMURRER.—ON APPEAL from order sustaining demurrer to answer, respondent cannot ask this Court to sustain the ruling below on other grounds of deficiency than those made and urged on Circuit.

4. JUDGMENT—PRACTICE—DEFENSES.—One defense which has been stricken out by erroneously sustaining a demurrer, cannot be decided by verdict on other defenses differing from that in essential particulars and allegations, but case must go back for trial on such defense, judgment on other defenses standing.

Before GAGE, J., Darlington, fall term, 1900. Reversed.

Action on notes by Henry J. Hickson against John H. Early. From order sustaining demurrer to one defense, defendant appeals.

*Mr. Geo. E. Dargan,* for appellant cites : *False representations alleged in the answer are sufficient to sustain the defense of fraud:* 26 S. C., 282; 50 S. C., 399; 56 N. Y., 83; 111 U. S., 148.

*Messrs. Woods & Macfarland,* contra, cite: *Exception too general for consideration:* 51 S. C., 55; 59 S. C., 1; 57 S. C., 224; 59 S. C., 244. *A trader's statements puffing the value of his wares are not fraudulent in law:* 1 Rich., 105; 50 S. C., 401; 11 N. E. R., 113; 1 Benj. on Sales, 561, 562, and notes; 14 Ency., 2 ed., 118. *There are no allegations of unsoundness or that they could not be sold at the price:* 15 S. C., 95; 24 S. C., 354. *No damage by alleged fraud is alleged:* 3 Brev., 33; 1 Benj. on Sales, 557; 9 Ency. P. & P., 696. *The error, if any, in sustaining the demurrer, is harmless on account of verdict on other defenses:* 6 Ency. P. & P., 356 and 357.

October 5, 1901. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This is an appeal from an order sustaining a demurrer to the first defense set up in the answer. The action was based upon three promissory notes, bearing date the 29th day of July, 1897, whereby the defendant promised to pay to the order of one S. W. Tate the sum of $210, divided into three equal payments of $70 each—one payable the 1st of November, 1897, another payable on the 1st of December, 1897, and the other payable on the 1st of January, 1898—evidenced by three separate notes, with interest after maturity of each note at the rate of eight per cent. per annum; which notes, as it is alleged in the complaint, were transferred, for valuable consideration, before maturity, to the plaintiff.

The defendant answered, setting up four distinct and separate defenses. The plaintiff demurred to the first, second and third defenses upon the ground that they fail to state facts sufficient to constitute a defense to the plaintiff's action. The case came on for hearing before his Honor, Judge Gage, and a jury, when the demurrer to the first defense was sustained, but the demurrer to the second and third defenses was overruled. The case then proceeded to trial on the issues raised by the second, third and fourth defenses, and resulted in a verdict for plaintiff, upon which judgment was entered.

The defendant appeals, basing his appeal upon the single exception that the Circuit Judge erred "in sustaining plaintiff's demurrer to defendant's first defense on the following ground, to wit: that it does not state facts sufficient to constitute a defense, 'because the alleged misrepresentations contained therein do not constitute fraud or deceit in law, are insufficient as a foundation to avoid payment of the purchase price said to be represented by the notes sued upon, and amount to nothing more than dealer's talk.'" The "Case" shows that when the demurrer was interposed the plaintiff, in accordance with Rule 18 of the Circuit Court, stated in writing the ground upon which he claimed that the allegation contained in the first defense

was deficient in language practically identical with that quoted in the exception. So that the real question involved in this appeal is whether the allegations in the answer setting up the first defense, if true (as they must be taken to be under the demurrer), are sufficient to constitute a defense to the action. For this purpose it is necessary, first, to ascertain what those allegations are. They are thus set out in the answer: "1. That the defendant made and delivered to S. W. Tate the notes described in the complaint, pursuant to a contract between the defendant and the said S. W. Tate, assuming to act as agent for the National Cabinet Company, whereby the said S. W. Tate, assuming to act as agent as aforesaid, appointed the defendant the sole and exclusive agent to sell the National cabinets in the county of Williamsburg, in the State of South Carolina, for a period of three years from the date of said contract, and whereby the defendant accepted said appointment, and in consideration, thereof purchased from the said S. W. Tate sixty National cabinets, making a payment thereon of $210; the notes described in the complaint amounting in the aggregate to $210 being given and accepted by the said S. W. Tate in lieu of cash, and the defendant bound himself by the said contract to sell each and every cabinet so purchased for the regular list price, to wit: $12.50. 2. That said notes were obtained from the defendant by the said S. W. Tate by fraud and misrepresentation, in that the said S. W. Tate induced the defendant to execute the said notes by falsely representing to him that he, the said S. W. Tate, had found a ready sale for the said cabinets at the regular list price of $12.50 each, and by giving to the defendant the names of numerous persons to whom he alleged he had sold the said cabinets at said list price, but who the defendant has since ascertained purchased said cabinets at a very much reduced price; and by further representing to the defendant that neither he, the said S. W. Tate, nor any one of his agents, had ever sold any of the said cabinets for less than the said list price; all of said representations being wholly false, and that the said

S. W. Tate knew the said representations to be false at the time that he made them, and made the same with intent to deceive and defraud the defendant. 3. That the notes described in the complaint were executed by the defendant in consequence of the representations hereinbefore mentioned. 4. That the defendant is informed and believes that the plaintiff had notice of the facts hereinbefore alleged at and before the assignment and delivery to him of the said notes."

Now, if these allegations are true, as they must be assumed to be for the purposes of this inquiry, then it is shown that the defendant was induced to enter into the contract with Tate mentioned in the first paragraph of the answer, and to execute the notes sued on by the false and fraudulent representations of the said Tate, and that Tate knew at the time that such representations were false. If this be so, then it follows that the facts stated in the answer setting up the first defense do constitute a good defense to the action, and that the Circuit Judge erred in holding otherwise. For, as is said in *McCorkle* v. *Doby,* 1 Strob., at page 400: "It is generally affirmed as a rule that fraud avoids all contracts. But it would be more correct to say, fraud makes all contracts voidable; for it is at the option of the party to be affected by the fraud, whether or not he will treat the contract as void and rescind it." See, also, *Lebby v. Ahrens,* 26 S. C., 275, cited in the argument of counsel for appellant. See, also, 14 Am. & Eng. Ency. of Law (2 ed.), at page 23, *et seq.*

The fact that this action is brought by one claiming to be a purchaser for valuable consideration before maturity of the notes sued on, cannot effect the question, in view of the fact that it is alleged in the fourth paragraph of that portion of the answer setting up the first defense, "that the plaintiff had notice of the facts hereinbefore alleged at and before the assignment and delivery to him of the said notes," which must be assumed to be true under the demurrer, and deprives the plaintiff of the benefit which would be accorded to a purchaser for valuable consideration *without notice;*

for the plaintiff having notice of the fraud *before* the trans-
fer of the notes, cannot be regarded as an *innocent* holder.
Indeed, no such position has been taken by counsel for re-
spondent.

In the argument of counsel for respondent, the contention
is that the ruling below should be sustained upon three
grounds: 1st. Because the exception upon which the appel-
lant bases his appeal is too general for consideration.    2d.
Because the demurrer was properly sustained.    3d. Be-
cause even if there was legal error in sustaining the demur-
rer to the said "first defense," the error was harmless, inas-
much as the issues raised by the "second defense" (the de-
murrer to which was overruled) and the verdict of the jury
thereon, settled all issues that could possibly have arisen
under the first defense, and hence no injury resulted from
the alleged misrepresentations set forth in the first defense
and no injustice was done to defendant by sustaining the
demurrer, and thereby this appeal becomes merely specula-
tive.

We do not think the exception was too general.    When
the demurrer was interposed the plaintiff, in accordance
with the requirements of Rule 18 of the Circuit Court, re-
duced to writing the ground upon which he claimed
that the pleading demurred to was insufficient, as
hereinabove stated, which substantially amounted to
this: that the false and fraudulent representations set forth
in the answer, even if true, were insufficient to constitute a
defense to the action.    The Circuit Judge held that such
representations as there set out were not sufficient to consti-
tute a defense, and the exception assigns error in so holding.
In other words, the Circuit Judge based his ruling upon a
distinct proposition of law, and in the exception it is claimed
that the proposition of law upon which the ruling below
was rested, is erroneous.    We do not see how the exception
could have been made more specific, and it is strictly in
accordance with Rule V. of this Court, which requires that
an exception "must contain a statement of the proposition of

law or fact which it is desired to review." The first ground taken by counsel for respondent cannot, therefore, be sustained.

As to the second ground, we infer from the argument of counsel for respondent that it is based upon the idea that the false representations relied upon were not of an existing material fact, but were mere "dealer's talk"—that defendant bought the articles mentioned for sale in Williamsburg County, and there was no allegation that he ever made any effort to sell in that county—that there is no allegation that defendant had no opportunity of examining the articles before the sale was concluded—and finally, that there was no allegation of damage by reason of the false representations. It must be remembered that the main object of the amendment of Rule 18 of the Circuit Court, requiring that in cases of this kind the demurrant must state in writing the points wherein the pleading demurred to is insufficient, was to prevent an evil which had been of not infrequent occurrence, whereby a demurrer was sought to be sustained in this Court upon grounds not presented to nor passed upon by the Circuit Court, thus practically converting this Court from an appellate tribunal into a Court of original jurisdiction, besides doing great injustice to the Circuit Judge as well as to the parties, who were suddenly confronted with questions of which they had had no previous notice. Accordingly, since that amendment of the rule, it has been held here that on an appeal from an order sustaining a demurrer to the complaint based upon one ground, cannot be sustained here upon other grounds of insufficiency in the complaint not passed upon by the Circuit Court—*Millhiser* v. *Holleyman,* 37 S. C., 572. Of course, the same rule would apply to a demurrer to the answer. That case goes further than it is necessary to go in this case, for there the defendant had given notice that he would ask this Court to sustain the demurrer upon other grounds than that taken in the Circuit Court, and yet the Court declined to consider the additional grounds of demur-

rer; but here it does not appear that any such notice was given, and it is for the first time in the argument here proposed that this Court shall sustain the demurrer upon other deficiencies than the one relied upon in the Court below; and this the Court cannot do without disregarding the rule of Court as well as the decision last cited, which we are not inclined to do. We shall, therefore, confine our attention to the only question presented to and passed upon by the Court below, to wit: whether the alleged false and fraudulent representations constitute such fraud as would render the contract void. It is no doubt true that such representations must be as to a past or existing fact and must be material. It appears that Tate, who was the agent of the National Cabinet Company, was desirous of introducing the cabinets into this section of the country, and for this purpose he induced the defendant to purchase sixty cabinets for the sum mentioned in the notes sued on, and gave him the sole and exclusive agency for the sale of the same in the county of Williamsburg, S. C., binding him not to sell the cabinets at a less sum than $12.50, and that the defendant was induced to execute the said notes by the false and fraudulent representations of the following facts: 1st. That he, Tate, had found a ready sale for the said cabinets at the price named. 2d. That he furnished to the defendant the names of numerous persons to whom he said he had sold cabinets at the price above mentioned. 3d. That neither he, the said Tate, nor any one of his agents, had ever sold any of said cabinets for less than the said list price. All of these representations are as to past facts. and not of the expressions of mere opinions, and they all are admitted by the demurrer to be false, and so known to be by said Tate at the time, and also that they were made with intent to deceive and defraud the defendant. Were they material? We think they were, and were well calculated to deceive the defendant and induce him to enter into the contract here in question; and it is quite certain that he did enter into such contract; and we think it equally clear that, if these allega-

tions shall be proved upon the trial, he will be entitled to be relieved from the obligation of performing such contract by the fraud thus practiced upon him. The second ground relied upon by the counsel for respondent is, therefore, untenable. The case of *Lebby* v. *Ahrens*, 26 S. C., 275, which was cited by counsel for both sides, fully sustains our view. In that case the action was to recover from the defendant money which the plaintiff had by the false and fraudulent representations of the defendant been induced to pay to the defendant, while here the defendant is seeking to be relieved from the performance of a contract into which he was induced to enter by the false and fraudulent representations of the assignor of the plaintiff, of which the plaintiff had notice at the time of the transfer of the notes sued on, to him. Thus, while the respective positions of the parties are reversed, the principle involved is equally applicable to both cases. As is said in that case: "While it may be true that false representations as to the value of the thing sold, being, as they usually are, mere expressions of opinion, will not, as a general rule, be sufficient to sustain an action, yet where there is any material fact, which, if true, would be calculated to induce, and did actually induce, the purchaser to make the purchase, such false representations will be sufficient to sustain the action. Nor is it necessary that such false representations should be the *sole* inducement to the contract"—citing the authorities.

So, also, the third ground taken by counsel for respondent is also untenable. That ground is, that even if there was error in sustaining the demurrer to the first defense, such error is harmless, because the issues raised by the second defense and the verdict thereon settle all the issues that could possibly have arisen under the first defense. That is an entire mistake; for, as we have seen, the issue of fraud is raised by the first defense, and no such issue is presented by the second defense. Fraud is not alleged in the second defense, and hence no testimony tending to show fraud would be competent in trying the issue

first presented by the second defense; for the well settled rule is that where fraud is relied upon either to support an action or sustain a defense, the fraud relied upon must be alleged and proved. It is very true that, in both the first and second defense, it is alleged that the plaintiff had notice of the facts "hereinbefore alleged" in each of those defenses, but that allegation in the second defense cannot be construed to mean that the plaintiff had notice of anything more than the facts alleged in *that* defense, and certainly cannot be construed to mean that the plaintiff had notice of the fraud, which is not alleged or even mentioned in the allegations upon which the second defense is based; for it is well settled that where several causes of action are separately set out in a complaint, allegations contained in a statement of one cause of action cannot be used to supply any deficiency in the statement of another cause of action in the same complaint; for each cause of action must be completely stated, and contain *within itself* all necessary averments, or it will be held bad on demurrer. *Hammond* v. *Railroad Company,* 15 S. C., 10, and the authorities therein cited. The same principle would, of course, apply to a case in which separate and distinct defenses are set up in the answer, and there is a demurrer to two or more of the several defenses, which is the case here. See *Stanley* v. *Shoolbred,* 25 S. C., 181, where it was held that where the defendant pleads a general denial and a further defense by way of confession and avoidance, the admissions made in the latter defense cannot be used by plaintiff to establish the issues raised by the general denial. See, also, to same effect, *Cohrs* v. *Fraser,* 5 S. C., 351, and *Glenn* v. *Summer,* 132 U. S., at page 157. If it should be said that the verdict of the jury upon the trial of the issues presented by the second defense might have been based upon the fact that they found that the plaintiff had no notice of the facts relied upon to support that defense, when he purchased the notes, the answer is obvious, and of a two-fold character. 1st. That it rests upon pure conjecture, as this Court has no means of ascer-

taining what was the ground upon which the jury based their verdict. 2d. Even if it could be assumed that the jury rested their verdict upon the ground of want of notice to the plaintiff of the facts stated in support of the second defense, to wit: that the sale of the cabinets was made by sample; that the defendant purchased for the sole purpose of reselling; that the said Tate "represented and *warranted*" the cabinets to be in all respects like the sample exhibited, and that said cabinets, when delivered, proved to be inferior to the sample exhibited and totally unfit for sale, it would not by any means follow that the plaintiff had no notice of the totally different facts set up in support of the first defense. So that, in any view that may be taken, the position contended for by counsel for respondent cannot be sustained. It follows, therefore, that the judgment of the Circuit Court sustaining the demurrer to the first defense must be reversed, and the case remanded for a trial of the issues presented by the first defense; for, as the issues presented by the other defenses have already been tried and a verdict thereon has been rendered, to which no exception has been taken, the verdict on those issues must be regarded as final, so far as those issues are concerned.

The judgment of this Court is, that the order sustaining the demurrer to the first defense be reversed, and that the case be remanded to the Circuit Court for a new trial.