## LORICK v. PALMETTO NATIONAL BANK OF COLUMBIA.

1. STATUTE NOT RETROACTIVE—SURVIVAL OF ACTION.—The amendment 24 stat., 945, to sec. 2859, providing for survival of actions in tort is not retroactive.

2. CONTRACT—TORT—SURVIVAL OF ACTIONS—PLEADINGS.—The complaint in this case states all the facts necessary to maintain an action on contract, and although there are some expressions indicating a purpose to rely on an alleged tort, upon death of plaintiff, the complaint should be construed to allege an action on contract and remainder treated as surplusage and action continued in name of personal representative.

Before, GARY, J., RICHLAND, August, 1906.   Affirmed.

Action by Blanche O. Lorick, against Palmetto National Bank, of Columbia.   From order permitting action to be continued in name of personal reperesentative of deceased plaintiff.   Defendant appeals.

*Messrs. Weston & Aycock,* for appellant, cite: 12 Rich., 524; Bishop on Con. Law, sec. 491; 58 L. R. A., 956; 15 L. R. A., 134; 31 L. R. A., 552; 51 L. R. A., 255; 1 N. & M., 342; 2 McC., 218; 3 McC., 195; 45 Fed. R., 840; 4 Ency. P. & P., 916.   *Statute is not retroactive:* 11 S. C., 340; 34 S. C., 491; 13 Rich., 277; 20 S. C., 477.

*Mr. Frank G. Tompkins,* contra cites, 5 Ency., 1059; 12 Rich., 518.

April 5, 1907.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This action was brought for damages alleged to have been sustained by Mrs. Blanche O. Lorick, because of the refusal of the defendant bank to pay a check issued by her against her deposit account.   The cause was tried and a verdict rendered for the defendant, but on appeal to this Court a new trial was ordered; 74 S.

C., 185. In the meantime the plaintiff, Mrs. Lorick, died, and the Circuit Judge on motion ordered the cause to be continued in the name of E. A. Lorick, administrator of her estate. The defendant concedes there was no error in granting the order if the complaint can be construed as stating a cause of action *ex contractu;* but insists that the action was *ex delicto* and did not survive to the personal representative of Mrs Lorick.

The cause of action arose in July, 1903, when the check was refused. On March the 7th, 1905, section 2859 of the Civil Code was amended so as to read: "Causes of action for and in respect to any and all injuries and trespasses to and upon real estate and any and all injuries to the person or to personal property, shall survive both to and against the personal or real representative (as the case may be) of deceased persons, and the legal representative of insolvent persons, and defunct and insolvent corporations, any law or rule to the contrary, notwithstanding," 24 Stat., 945. If the action is to be held strictly an action of tort, it would not survive unless the change made by the foregoing statute has a retroactive effect, embracing causes of action which had already arisen when it was enacted. There are no words in the statute indicating legislative intent that it should have a retroactive effect, and therefore, regarded as an action of tort, the action would not survive. Ex parte Graham, 13 Rich., 277; *Curtis* v. *Renneker,* 34 S. C., 491; 13 S. C., 664. The pivotal question then is, must the action be regarded so distinctly an action *ex delicto* that there can be under it no recovery for a breach of the contract.

There are certainly some expressions in the complaint which seem to indicate that the purpose of the plaintiff was to rely on an alleged tort founded in contract rather than a breach of the contract itself. The complaint, however, sets out all of the facts necessary to a suit on the contract. It may set out in addition facts not necessary to a suit on the contract, but appropriate to an action

for tort; but when the cause of action for tort fails by reason of the death of the plaintiff, the complaint having in it allegations upon which the Court could give relief for breach of the contract, it would be too technical to deny the relief. Pleadings are to be construed liberally in favor of the pleader to the end that technical rules may not defeat substantive rights. Mrs. Lorick stated facts, which if proved, entitled her to damages for breach of the contract. *Fogartes & Stillman* v. *Bank,* 12 Rich., 524. Upon her death this right of recovery for the breach of the contract survived to her administrator. Therefore, it was proper to continue the action in the name of the administrator and adjudicate her claim for breach of the contract—the allegations of the complaint necessary to an action of tort, and not appropriate to an action on the contract, being rejected as surplusage.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.