9608

SANDERS v. YORK COUNTY.

(91 S. E. 305.)

1. BRIDGES—LIABILITY FOR INJURIES—DEFECTIVE BRIDGE—"ANY PERSON." —Civ. Code 1912, sec. 1972, authorizing a right of action against the county for damages for injuries sustained by "any person" by reason of defect in or negligent repair of a bridge, etc., includes a county employee working upon the bridge.

2. BRIDGES—ACTION FOR INJURIES—PLEADING.—COMPLAINT.—Under Civ. Code 1912, sec. 1972, which provides that damage from defective bridges shall not be recovered by a person injured "if his load exceeded the ordinary weight," in an action for injuries received by a

county employee while working on a bridge, as the complaint showed that plaintiff did not have a load, he was not required to allege in his complaint that his load did not exceed the ordinary weight.

3. APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW—DEMURRER. —Grounds to support an order sustaining a demurrer to the complaint which were not presented to the Circuit Court cannot be passed upon in the appellate Court.

Before BOWMAN, J., York, February, 1916. Reversed.

Action by Joseph H. Sanders against York county. From an order sustaining defendant's demurrer to the complaint, plaintiff appeals.

*Messrs. Wilson & Wilson* and *Oran S. Crawford,* for appellant, cite: Civil Code 1912, sec. 1972; 83 S. C. 506; 71 S. C. 170; Civil Code 1912, sec. 3053; 58 S. C. 413; 43 S. C. 401; 44 S. C. 168. *Master and servant—safe place:* 72 S. C. 264; 78 S. C. 415; 72 S. C. 411; 69 S. C. 387; 63 S. C. 576.

*Mr. J. S. Brice,* for respondent, cites: 40 S. C. 345; 76 S. C. 206; 95 S. C. 194; 73 S. C. 257; 58 S. C. 222.

*Messrs Dunlap, Dunlap & Hollis,* also for respondent.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case states:

"This is an appeal by the plaintiff from an order made herein at York, S. C., by the Circuit Judge, on February 11, 1916, sustaining defendant's demurrer in the above entitled case on the ground that the complaint did not state facts sufficient to constitute a cause of action. Plaintiff's action was for personal injuries sustained by reason of the collapse

and fall of the bridge over the Catawba River, part of the public highway of York county, upon which he was working as a laborer, making repairs thereon at the time of the injury. Defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, in that the complaint showed on its face that the plaintiff was a laborer engaged in governmental work repairing the Catawba River bridge, a public highway of York county; and that the complaint did not allege that the plaintiff was a pedestrian or traveler on said highway."

The grounds of demurrer are:

"(1) The complaint alleges that the plaintiff was a laborer engaged in governmental work repairing the Catawba River bridge, a public highway of said county.

"(2) That the complaint herein does not allege that the plaintiff herein was a pedestrian or traveler on said highway.

"(3) That the complaint does not allege that the plaintiff's load did not exceed the ordinary weight."

The statute does not say pedestrian or traveler. It says "any person."

In *Strait* v. *City of Rock Hill,* 104 S. C. 116, 88 S. E. 469, this Court says "any person" includes an employee. If there are defects in the statute, the legislature, and not the Courts, must amend the statute.

The two statutes are:

| 1972 (County). | 3053 (City). |
|---|---|
| "Any person who shall receive bodily injury or damage in his person or property through a defect or in the negligent repair of a highway, causeway, or bridge, may recover, in an action against the county, the amount of actual damage sustained by him by reason thereof: *Provided,* Such person has not in any way brought about such injury or damage by his own act, or negligently contributed thereto. | "Any person who shall receive bodily injury, or damages in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under control of the corporation within the limits of any town or city," etc. |

If such defect in any road, causeway, or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured, if his load exceeded the ordinary weight: *Provided, further,* That such county shall not be liable unless such defect was occasioned by its neglect or mismanagement."

The Strait case is conclusive of this point and this ground of demurrer is overruled and the exception based upon it sustained.

2. The complaint shows that the plaintiff did not have a load, and there can be no possible reason why he should be required to allege that the load he did not have did not exceed the ordinary weight.

3. The additional grounds to sustain the order were not presented to the Circuit Court and cannot be passed upon here.

The order sustaining the demurrer is overruled, and the case remanded for trial.