### 11305

### CHERAW MOTOR SALES CO. v. RAINWATER

(119 S. E., 237)

1. APPEAL AND ERROR—ADMITTING SECONDARY EVIDENCE OF NOTE, CONTENTS OF WHICH WERE NOT IN DISPUTE, NOT ERROR.—Where the execution and contents of a note were not in issue, and witness testified that note was lost, an assignment of error in overruling an objection to secondary evidence as to contents cannot be sustained.

2. APPEAL AND ERROR—CASE NOT SHOWING WHAT EVIDENCE SHOWED RULING NOT ERRONEOUS.—Where the case does not show what a mortgage book would show, the Supreme Court cannot say that a ruling admitting it in evidence was erroneous.

3. APPEARANCE—GENERAL APPEARANCE WAIVES DEFECTS IN OR ENTIRE WANT OF PROCESS.—A general appearance waives not only all defects and irregularities in process, but also an entire want of process.

4. TRIAL—COMMENT ON DEFENDANT'S FAILURE TO TESTIFY NOT ERROR.—It is error in a criminal case, but not in a civil case, to comment on a defendant's failure to testify.

5. PLEADING—OBJECTION TO INSUFFICIENCY OF PLEADING MADE AFTER TRIAL, HELD TOO LATE.—Exceptions to the insufficiency of a pleading, made after trial, *held* too late.

6. MASTER AND SERVANT—COUNTERCLAIM FOR DISCHARGE HELD INSUFFI-
   CIENT, AS NOT ALLEGING CONTRACT.—In an action·for the purchase
   price of an automobile, a counterclaim alleging employment of
   defendant by plaintiff, a promise to furnish employment at a
   stipulated wage, and a subsequent discharge, *held* insufficient, as
   not alleging a contract.

' Before MAULDIN, J. Chesterfield, April, 1922.   Affirmed.

Action by Cheraw Motor Sales Co. against Maurice
Rainwater.   Judgment for plaintiff and defendant appeals.

*Mr. R. E. Hanna* for appellant, cites:   *Competent to
prove rights of third party to property prior to attachment:*
34 A. S. R., 876.  *Counterclaim:*  108 S. C., 68; Pom. Rem.,
567–573, 801.  *Requisites of affidavit in attachment:*  31
S. C., 447; 6 S. C., 169; 103 S. E., 776.

*Messrs. Pegues & Murray and C. L. Prince* for respond-
ent cite:  *When secondary evidence admissible:*  63 S. C.,
78; 61 S. C., 292; 17 Cyc., 541.  *Defect of parties must be
raised by demurrer  or answer:*  70 S. C., 329.  *Counter-
claim properly stricken out:*  61 S. C., 169; 113 S. E., 330.
*When fraud may be inferred:*  Greenl. Ev. Sec., 51–a; 75
S. C., 334.  *Jurisdiction of person may be waived:*  62
S. C., 533; 94 S. C., 54.·  *By answernig to merits:*  79 S. C.,
502; 61 S. C., 512.

Oct. 2, 1923.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

The statement of facts in the case is :

"This action was commenced on January 4, 1921, by
the service of affidavit, bond, and warrant of attachment,
and purported to be an action as shown by the affidavit for
the purchase price of $375 for a Ford roadster automobile.
The appellant answered, and counterclaimed for damages,
both for the illegal attachment and for damages for breach
of contract of employment.   On April 18, 1922, when the
case was·called for trial and before the impaneling of a

jury, and after due and legal notice had been given by the appellant, motion was made to dismiss attachment; same being refused by his Honor, Judge Mauldin, the motion being based upon defect in the affidavit and defect in the bond. The matter came on for trial before his honor, Judge T. J. Mauldin, and a jury, at the April term of Court at Chesterfield, S. C., on Tuesday April 18, 1922. Under the rulings and charge of his honor, Judge Mauldin, a verdict was rendered for the respondent for the sum of $302.50."

## PLEADINGS

"The affidavit, caption and immaterial allegations omitted, is as follows:

" 'That on the 21st of August, 1920, the Cheraw Motor Sales Company sold and delivered unto the defendant, Maurice Rainwater, one Ford roadster automobile, rebuilt by the plaintiff, for the sum of $375, and at the same time the said defendant executed and delivered to the plaintiff his promissory not for the sum of $375, payable 60 days after date. That the said defendant has paid $100 on said note, and has not paid any other amount, and there is now due and unpaid and owing to the plaintiff on the said note the sum of $275, with interest from this date and 10 per cent. attorney's fees, as provided for in the said note. That deponent is informed and believes that the said automobile is in the custody of the Sheriff of Chesterfield County, to be delivered by him to the defendant, or in the custody of said defendant, and plaintiff is desirous of attaching said automboile for the purchase money, and for fear that the said defendant may leave the state with the automobile, should attachment not issue forthwith.'

"Bond, caption and immaterial parts ommitted, is as follows:

" 'Now, therefore, the condition of the above obligation is such that if the plaintiff fails to prove that the attachment be for purchase money, and if the defendant recover judgment in the said case, or the attachment be set aside by order

of the Court, and the said Cheraw Motor Sales Company, or sureties, shall pay, or cause to be paid, to the said Maurice Rainwater, his certain attorneys, executors, administrators, or assigns, all costs that may be awarded to the said defendant, and all damages which Maurice Rainwater, the said defendant, may sustain by reason of the attachment about to be issued as aforesaid, then the above obligation to be void and of none effect, or else to remain in full force and virtue.'

"Answer, caption and immaterial parts omitted, is as follows:

" 'For a second defense and by way of counterclaim: That the defendant has paid in full all amounts which he contracted to pay to the plaintiff, and at the time of the seizure of the car under these proceedings had overpaid the plaintiff, more than he had contracted to pay. That the seizure by the plaintiff under these proceedings was done in a willful, malicious, and unlawful manner, and to the great humiliation and damage of the defendant, and by reason of these proceedings the defendant has been deprived of his property and actually damaged thereby in the sum of $100.

" 'For a third defense and by way of counterclaim: The defendant alleges that he was employed as foreman of repair shop by the plaintiff, and while so employed had an offer of a better position in a different town, but plaintiff contracted and promised to furnish to the defendant employment at a stipulated wage, and the said plaintiff in a wilful, malicious, and unlawful manner discharged the said defendant, whereby he is unable to secure employment and has been actually damaged in the sum of $100.

" 'Wherefore the defendant prays that the complaint be dismissed with costs and that the defendant have judgment against the plaintiff for the sum of $500, both actual and punitive damages.'

"Upon the rendition of a verdict, the appellant noted a motion for a new trial, said motion being refused by his honor, the presiding judge, and at that time moved for dismissal of proceedings, on the ground that summons and com-

plaint was not served on appellant, this motion also being refused."

I. The first assignment of error is set out in the following extract from the case:

"B. F. Pegues, sworn, testified as follows: 'I am the attorney for the plaintiff in this action, and at the time action was instituted I had in my possession the note upon which this action is based. That note, together with the original papers, was filed in the office of the Clerk of Court by myself but I do not know what has become of it, although I have made careful and diligent search for it. The last that I saw of it was when I put it in the record. Q. Do you remember whose name appeared on that note as the maker? A. Maurice Rainwater. (Objected to on the ground that the proper foundation has not been laid.) The Court: He has proved that the note was lost. Mr. Hanna: The legal custodian of the records has not been sworn, to show that the note is lost. The Court: He had access to it, and he says that he cannot find it. (Objection overruled.)' "

The objection is that the plaintiff had not laid the proper foundation for the introduction of secondary evidence. The execution of the note was not denied and the contents not in issue. This assignment of error cannot be sustained.

II. The defendant offered in evidence page No. 480, Chattel Mortgage Book No. 52. The case does not show anything as to what the mortgage book would show. This Court cannot say that the ruling was erroneous.

III. The next assignment of error is the refusal to dismiss the proceedings because there was no summons and complaint served. The defendant filed his answer and tried his case on the affidavit in attachment, and thereby waived his right to his motion. 20 Ency. Pleading and Practice, p. 1184:

"*Special Appearance.*—When the defendant wishes to interpose an objection to process for defects therein, he should appear for that purpose only, for, as has been shown in another place, a general appearance operates to waive not

only all defects and irregularities in process, but also an entire want of process."

IV. The affidavit alleged that the price of the car was $375. The testimony tended to show that the price of the car was $675; $300 paid cash, and the note for $375 was given for the balance of the purchase money. The facts were for the jury. This assignment of error cannot be sustained.

V. The next assignment of error is in allowing the plaintiff's attorney to comment on the fact that the defendant did not go on the stand. This would be error in a criminal case, but not in the civil case. The exceptions as to the insufficiency of the pleadings has been covered. It comes too late after the trial.

VI. The counterclaim was properly excluded, as it failed even to allege another contract.

The judgment is affirmed.

MESSRS. JUSTICE WATTS and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN (dissenting): This is certainly a case of novel procedure. It appears that on August 21, 1920, while the defendant was employed by the plaintiff in its repair shop, the plaintiff sold an automobile to the defendant for $675, $300 of which was paid in cash, and a note given for the balance, $375, payable 60 days after date. It is clear that the employment of the defendant was a moving consideration or inducement to the trade, for the manager of the plaintiff company testified that there was an agreement with the defendant that he was to pay so much per month on this note. The exact amount he did not remember.

"He was to pay me what he could each month, and I was to renew the balance, and there was no specified time in which settlement was to be made."

Before the maturity of the note the defendant had paid $100 on the note, whether out of his wages or not does not appear on the record. At a date not stated here, but subsequent to the execution of the note, the defendant left the employment of the plaintiff. On January 4, 1921, the plain-

tiff, without issuing a summons and complaint, upon an affidavit and bond procured an attachment to be issued and levied upon the automobile which had been sold by it to the defendant; the ground of the attachment being that the balance due upon the note, $275, represented the unpaid purchase price of the car, and "for fear that the said defendant may leave the State with the automobile, should attachment not issue against defendant."

Notwithstanding the fact that no summons and complaint had been issued,the defendant served upon counsel for plaintiff what purported to be an answer to the mythical complaint. The skeleton of this answer, set out on the record, as might be expected, is scantily attired. It contains a statement only of two alleged counterclaims and a plea of payment. The first counterclaim is for $100 on account of the alleged willful, malicious, and unlawful manner in which the seizure under attachment was made; the second is for $100 on account of the alleged willful malicious, and unlawful discharge of the defendant from the employment of the plaintiff. The plaintiff served no reply to this answer.

The case was called for trial before Hon. T. J. Mauldin, Circuit Judge, and a jury, April 18, 1922. The defendant, before the impaneling of the jury, called up the motion, of which notice had been previously and duly given, to dismiss the attachment. No specifications of the grounds of the motion appear on the record, other than that it was based "upon defect in the affidavit and defect in the bond." From the transcript of proceedings, and from the argument of appellant's counsel, it appears that the alleged defect in the affidavit was that the affidavit stated facts on information and belief, without stating the source of information as required by law, and the alleged defect in the bond was that it failed to state in the condition thereof:

"If the plaintiff failed to prove that the attachment is for the purchase money of the property in question, to wit, one Ford roadster."

As to the alleged defect in the affidavit, the Circuit Judge held that it sufficiently alleged that the attachment was predicated upon the claim for the purchase price of the car and contained a direct statement to that effect; that the statement of a fear that the defendant may leave the State might be disregarded as surplusage, where the attachment was for the purchase price. The only statement in the affidavit relating to the purchase price, which might relieve the plaintiff from the rule requiring a statement of the sources of information is this:

"And plaintiff is desirous of attaching said automobile for the purchase money."

It is a close question, and I think that, taken in connection with the details of the sale of the car, contained in an earlier portion of the affidavit, it sufficiently appears that the attachment was issued for the purchase price. See Section 519, Code of 1922.

As to the alleged defect in the bond, the condition sufficiently shows that, if the plaintiff failed to prove that the attachment was issued for the purchase price of the automobile in question, the bond should be enforced.

After the Circuit Judge overruled the motion to dissolve the attachment, the trial minus summons and complaint, plus answer, and minus reply to the counterclaims, proceeded.

Having held the attachment valid, the Circuit Judge evidently concluded that the first counterclaim, for the tortious seizure, was out of the case, and took up the second counterclaim, the breach of the contract of employment. Before any testimony at all was offered the Circuit Judge ruled:

"I do not see that that (referring to the second counterclaim), has any connection here, and I don't see any use in burdening the Court with trying issues that the pleadings do not raise."

The plaintiff then offered one witness, its attorney, who testified to the loss and terms of the note, and another witness, who gave testimony in support of the plaintiff's case. Upon cross-examination, the last witness the manager of

the plaintiff, testified as above stated in reference to the agreement between him and the defendant. The Circuit Judge excluded the testimony of this witness, sought to be adduced by the defendant, to the effect that he let him have the car on account of the fact that the defendant was going to work for him, and the payments made upon the note were to come out of his salary. The defendant offered no evidence, and the Circuit Judge, having ruled out both counterclaims, submitted to the jury the sole issue of the defendant's plea of payment. The jury found for the plaintiff the full amount claimed, and the defendant has appealed.

Waiving the suggestion that the plaintiff, not having replied to the first counterclaim, is not in a position to raise any objection to it, that counterclaim sounds in tort, and it seems that as such it is not appropriate in an action upon a contract. *Lenhardt v. French*, 57 S. C., 493; 35 S. E. 761; Code of 1922, § 411. The second counterclaim, however, is based upon an alleged contract and was entirely proper. It is true that it is very imperfectly pleaded, but the plaintiff's remedy was to correct this by motion to make more definite and certain. Not having done so, he is not in a position to object to evidence tending to support its general statement.

I concur in the disposition of the other questions considered in the leading opinion; but it seems to me that, if the defendant can prove that the inducement to the purchase of the car was his continued employment by the plaintiff, supplying the source of expected payments, and that the plaintiff without just cause discharged him, threw him out of employment, and caused the sacrifice of his purchase, he is entitled to make that showing, and set off such damages as resulted from a breach of the contract against his liability on the note.

The Circuit Judge was entirely right in holding that parol evidence was inadmissible to alter the terms of the note. *Stalnaker v. Tolbert*, 121 S. C., 437; 114 S. E., 412. But that does not effect the question of a lawful contract of em-

ployment and its breach. In my opinion, the judgment below should be reversed, and the case remanded, with directions as follows:

(1) Within 10 days from the filing of the remittitur, let the plaintiff serve upon the defendant summons and complaint in due form.

(2) Let the defendant serve an answer thereto in 10 days thereafter.

(3) Let the plaintiff within 10 days thereafter reply to the counterclaim of the defendant.

(4) Let the attachment stand and the case be docketed on Calendar 1 for trial.

(5) Let the validity of the first counterclaim, which has not been argued, be reserved.