### CITIZENS' NATIONAL BANK v. HAWKINS

#### (138 S. E., 541)

1. PLEADING—AT COMMON LAW DOUBT AS TO CONSTRUCTION OF PLEADING WAS RESOLVED AGAINST PLEADER, THOUGH MORE LIBERAL RULE PREVAILS UNDER STATUTE (CODE CIV. PROC. 1922, § 420).—At common law pleading in case of doubt was construed most unfavorably to pleader, but under Code Civ. Proc. 1922, § 420, a more liberal rule has been adopted, with a view to substantial justice between parties.

2. PLEADING—PLEADINGS SHOULD BE LIBERALLY CONSTRUED, IN DETERMINING WHETHER ACTION IS EX DELICTO OR EX CONTRACTU, AND DOUBT RESOLVED IN FAVOR OF LATTER.—In order to determine whether an action is *ex delicto* or *ex contractu,* pleadings should be liberally construed in favor of the pleader, though doubt whether action is on contract or in tort should be resolved in favor of the former.

3. PLEADING—ALLEGATION OF NEGLIGENCE WILL NOT CONVERT ACTION FOR BREACH OF CONTRACT INTO ACTION FOR TORT.—Allegation of negligence will not covert a breach of contract into a tort as affects question whether action is *ex contractu* or *ex delicto.*

4. PLEADING—IN ACTION ON NOTE, COUNTERCLAIM FOR UNLAWFUL CONVERSION OF PLEDGED COTTON HELD TO STATE CAUSE OF ACTION FOR TORT, AND NOT PROPER COUNTERCLAIM.—In assignee's action on note, counterclaim setting up an unlawful conversion of pledged cotton by plaintiff's assignor and paying damages for "wrongful, wanton, and unlawful invasion of defendant's rights" *held* to state a cause of action for tort, and not a valid counterclaim.

5. ACTION—ACTION FOR CONVERSION IS IN TORT.—An action for unlawful conversion is an action in tort.

6. APPEAL AND ERROR—QUESTION OF ULTRA VIRES, NOT RAISED BELOW, HELD NOT BEFORE APPELLATE COURT.—Question whether action of bank president was *ultra vires,* not raised in lower Court, *held* not before Appellate Court.

7. PLEADING—IN ACTION ON NOTE ASSIGNED BY BANK, COUNTERCLAIM FOR DAMAGES FOR BANK'S REFUSAL TO HONOR CHECK HELD TO STATE CAUSE OF ACTION FOR BREACH OF CONTRACT, AND NOT IMPROPER COUNTERCLAIM.—In assignee's action on note assigned by bank, counterclaim for damages for refusal of assignor bank to pay check drawn by defendant *held* to state cause of action for breach of contract, and not an improper counterclaim in such action.

Before GRIMBALL, J., Newberry, April, 1926. Affirmed in part and reversed in part.

Actions by the Citizens' National Bank of Prosperity against Allen H. Hawkins, and by the Citizens' National Bank of Prosperity, substituted for the People's National Bank of Prosperity, against Allen H. Hawkins, individually and as administrator with the will annexed of the estate of Frances C. Brown, deceased. From orders sustaining demurrers to certain counterclaims set up by defendant in each action, defendant appeals.

*Messrs. Hunt, Hunt & Hunter,* for appellant, cite: In order to determine whether action brought is *ex delicto* or *ex contractu,* pleading should be liberally construed in favor of pleader: 76 S. C., 502; 78 S. C., 165. *Allegations of negligence will not convert a breach of contract into a tort:* 4 Cyc., 331; 108 S. C., 70; 50 L. R. A. (N. S.), 1; Id., 28. *An action for conversion being an action on tort cannot be set up as a counterclaim in an action ex contractu:* 57 S. C., 439.

*Mr. George B. Cromer,* for respondent, cites: *A counterclaim based upon a tort is not valid against a cause of action on contract:* 57 S. C., 500. *Selling cotton "on call" is speculating in cotton:* 31 L. R. A., 534. *Powers of National Banks defined and limited by statute:* 133 S. C., 202.

June 15, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The appeals in these two cases were heard together, and were taken from orders of the Circuit Judge sustaining plaintiff's demurrers to the second and third counterclaims set up by the defendant in his answer in each of the actions.

These actions are on promissory notes, assigned to the plaintiff by the People's National Bank of Prosperity, on

each of which the defendant is sued either as maker or as indorser.

The defendant sets up a number of affirmative defenses by way of counterclaims, which are the same in each action. The questions raised by the appeal in each of the cases being identical, we shall consider the appeal taken in the first case, the disposition of which will dispose of both cases.

The plaintiff demurred as follows:

"(1). The first affirmative defense is based upon an alleged cause of action for tort, and claims speculative damages for tort, and is not a valid counterclaim in an action upon contract.

"(2). The second affirmative defense, being the third defense, sets up a cause of action for unlawful conversion and for punitive damages for the alleged fraudulent, willful, wanton, and unlawful invasion of the defendant's rights, and is not valid as a counterclaim in an action upon a note.

"(3). The third affirmative defense, being the fourth defense, sets up a cause of action for remote and speculative damages for tort, and is not valid as a counterclaim in an action based upon a note."

Upon the hearing the Circuit Judge made the following order:

"I am of the opinion that the allegations of the second defense, which in the answer is entitled 'For a second and affirmative defense,' constitute a valid counterclaim if proved, and therefore the demurrer as to this defense is overruled.

"I am of the opinion that the allegations of the third defense, which in the answer is entitled, 'For a third and affirmative defense,' and also of the fourth defense, which is entitled in the answer, 'For a fourth and affirmative defense,' do not constitute a valid counterclaim in this case, and therefore the demurrer as to both of the last-mentioned defenses is sustained."

The defendant appeals by four exceptions, and asks this Court to reverse so much of the order of the Circuit Judge

as sustains the plaintiff's demurrer to his second and third counterclaims.

The questions involved in the appeal are thus correctly stated by the appellant:

"There is (are) only two questions involved in this appeal and they are: First, is the counterclaim set up in each answer and designated for a third and affirmative defense an action on a tort, or is it an action on contract? Second, is the counterclaim set up as a fourth and affirmative defense an action on tort or an action on contract?"

Under the common-law rule, in case of doubt as to meaning, that construction was given to the pleading which was most unfavorable to the pleader, but by statute a more liberal rule has been adopted, with a view to substantial justice between the parties. Section 420, Vol. 1, Code 1922.

In order to determine whether the action brought is *ex delicto* or *ex contractu,* pleadings should be liberally construed in favor of the pleader, so that substantive rights may not be defeated by technical rules (*Lorick v. Bank,* 76 S. C., 502; 57 S. E., 527); and if it is doubtful whether the action is on contract or in tort, the doubt should be resolved in favor of the former (*Randolph v. Walker,* 78 S. C., 157; 59 S. E., 856); also allegations of negligence will not convert a breach of contract into a tort (*Farmers' Union Company v. Anderson,* 108 S. C., 70; 93 S. E., 422).

It is alleged in the third defense, the second counterclaim that the defendant, during the years 1917 and 1918, executed and caused to be executed and delivered to the People's National Bank of Prosperity, S. C., assignor of plaintiff, certain collateral notes, and pledged as collateral thereto certain warehouse receipts for 83 bales of lint cotton, weighing in the aggregate about 38,701 pounds; that this cotton was the property of the defendant and was pledged from time to time as collateral to defendant's indebtedness; that some time in 1922 the president of the bank

suggested to defendant that the said cotton be sold on call, that the defendant agreed to this and authorized the president of the bank to make such sale, but that later, as defendant is informed and believes, the president of the bank made an outright sale of the cotton, which resulted in a loss of about 16 cents per pound to the defendant; and that the bank in this manner converted the said cotton of the defendant to its own use, which was a fraudulent, willful, wanton, and unlawful invasion of defendant's rights to his injury and damage in the sum of $15,000.

Giving this pleading the liberal construction to which it is entitled, we think that the Circuit Judge, under the facts alleged therein and the manner of alleging same, was correct in sustaining the demurer to this counterclaim. An action for unlawful conversion is an action in tort. *Lenhardt v. French,* 57 S. C., 500; 35 S. E., 761. The words used by the pleader, "willful, wanton, and unlawful invasion of the rights of the defendant," are apt language for allegations in a cause of action based upon tort. The facts pleaded show that the defendant placed with the bank certain definitely described property as collateral for his indebtedness, which specific property could be followed and identified, and the defendant alleges that the bank made a tortious conversion of this property.

The appellant contends, however, that certain conversations between himself and the president of the bank constituted an agreement on the part of the bank to sell the cotton on call, which, in effect, modified the collateral contract under which the bank originally held the cotton. We do not agree with this contention. The facts alleged do not show any agreement between the parties for such sale of the cotton, even if it be conceded, which it is not, that the bank had authority to make such agreement.

Again, the fact that the amount of damage alleged to have been suffered is far in excess of the actual loss shown by the pleading indicates, when coupled with the apt language

used, that the defendant was endeavoring to recover as for a tort, and not for a breach of contract.

The respondent urges as additional grounds for sustaining the demurrer to this counterclaim that, even if the president of the bank made an agreement with the defendant to sell the cotton on call, such agreement was *ultra vires.* This question, not having been considered by the court below, is not properly before this court. *Sanders v. York County,* 106 S. C., 374; 91 S. E., 305. *Hickson v. Early,* 62 S. C., 42; 39 S. E., 782.

We think, however, that the Circuit Judge was in error in sustaining the demurrer to appellant's third counterclaim, designated in his answer as a fourth and affirmative defense. The defendant alleges that he drew a check for $587.15 on the bank of the plaintiff's assignor, on or about November 18, 1920, but that same was refused payment by the bank because of insufficient funds to the credit of the defendant; that later, December 17, 1920, he notified the holder of the check to return same to the bank for payment, and that on that date he placed to his credit on deposit in the bank the sum of $1,011.40 for the purpose of meeting the payment of the check; that he is informed and believes that the check was returned to the bank on or about December 17, 1920; and that, although there were sufficient funds in the bank to meet the check when it was so presented, the bank refused to honor the check, but returned it unpaid. He then alleges certain facts tending to show damages flowing to him from the bank's actions.

We think this defense alleges the breach of a contract between the bank and the defendant as its depositor, that the pleading of this counterclaim may be properly construed as an action on contract, and that the contention of the appellant in respect thereto should be sustained. *Lorick v. Bank, supra.*

The judgment of this Court therefore is that so much of the order of the Circuit Judge as sustains, in each of the said

cases, the demurrer to the appellant's second counterclaim, designated in the answer as a third and affirmative defense, be affirmed, and that so much of the said order in each of the said actions as sustains the plaintiff's demurrer to the defendant's third counterclaim, designated in the answer as a fourth and affirmative defense, be reversed.

MR. CHIEF JUSTICE WATTS, MR. JUSTICE COTHRAN and MR. ACTING ASSOCIATE JUSTICE PURDY concur.

MR. ASSOCIATE JUSTICE BLEASE disqualified.