GROCE v. JENKINS.

1. A complaint in foreclosure alleged a note by B. to plaintiff secured by a mortgage of a tract of land, the subsequent sale of a part of this land by B to defendant and the giving of a note by defendant to plaintiff for a portion of the purchase money, under an agreement by all parties that this note of defendant should be secured by the original mortgage of B, so far as it covered the land so sold by B. *Held*, that the complaint stated facts sufficient to constitute a cause of action.
2. It is not necessary to allege in the complaint that an agreement as to lands, sought to be enforced, was in writing. That is a matter of proof, not of pleading, under the statute of frauds.

Before ALDRICH, J., Greenville, July, 1887.

This appeal involves the question whether the complaint stated facts sufficient to constitute a cause of action. The complaint was as follows:

The complaint of the above named plaintiff respectfully shows to the court as follows:

1. That on the twelfth day of September, 1879, one James L. Ballenger executed to plaintiff his three several notes, all bearing date of that day, one for three hundred and sixty 59–100 dollars, payable January 1, 1881; one for three hundred and ninety-two 57–100 dollars, payable January 1, 1882; and one for four hundred and twenty-four 66–100 dollars, payable January 1, 1883, all bearing interest from their date.

2. That the said James L. Ballenger, on the twenty-second day of February, 1881, to secure payment of said three notes, executed and delivered to plaintiff a deed, and thereby conveyed by way of mortgage to plaintiff, his heirs and assigns, the following lands and tenements situate in the said County of Greenville, to wit, a certain piece or parcel of land lying and being in Greenville County and State aforesaid, on the south side of Tyger River, containing one hundred and twenty-five 7–10 acres, more or less, being the tract whereon the said James L. Ballenger then lived, and a part of the Westley Gilreath lands.

3. That on the twenty-sixth day of February, 1881, the said

mortgage was delivered to the register of mesne conveyance for said county, to be by him recorded, and was on that day recorded.

4. That on the third day of December, 1881, the said mortgage being unpaid and unsatisfied, the said James L. Ballenger sold and conveyed seventy-five acres of said land to the defendant, W. F. Jenkins, as follows: "A certain piece or parcel of land lying and being in Greenville County and State aforesaid, and being a part of the tract whereon I now live, it being a part of the Westley Gilreath tract, lying on both sides of Clear Creek, waters of South Tyger River, * * * containing seventy-five acres, more or less, bounded by lands of W. C. Cleveland, F. M. Holtzclaw, and others." And on the thirty-first day of December, 1881, the defendant, W. F. Jenkins, in part payment of the purchase money, executed to the plaintiff his note for three hundred dollars, with interest from date, payable seventy-five dollars in two years from the date thereof, seventy-five dollars and the interest in three years, and the balance in four years, and said note was substituted for a corresponding amount of indebtedness of the said James L. Ballenger to the plaintiff under the mortgage aforesaid. The intention, understanding, and agreement of all the parties being that said mortgage should stand as security for the substituted note to the extent of the land conveyed by said Ballenger to said Jenkins.

5. That on the third day of March, 1884, the said defendant, W. F. Jenkins, executed a mortgage on said seventy-five acres of land to the defendant, Ignatius F. Reese, to secure a debt of one hundred and ninety-four 35–100 dollars, payable one-half November 1, 1884, and one-half November 1, 1885.

6. That the conditions of said substituted note and of said mortgage to plaintiff have been broken, and there remains due and unpaid upon said note and mortgage the sum of three hundred and four 96–100 dollars, with interest from the twenty-eighth day of August, 1886.

Wherefore plaintiff prays judgment: That said mortgage to plaintiff be foreclosed and the equity of redemption barred, the premises ordered to be sold—that is, so much thereof as is covered by the deed to said Jenkins—and the proceeds applied to the payment of the mortgage debts, and execution awarded for the balance

against the defendant, W. F. Jenkins, and for such other and further relief as may be meet and proper.

The oral demurrer was sustained and plaintiff appealed.

*Messrs. Wells & Orr,* for appellant.

*Messrs. Westmoreland & Dorroh,* contra.

March 5, 1888.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This was an action to foreclose a mortgage.   The complaint, among other things, (let it be set out in the report of the case,) stated that one James L. Ballenger, in order to secure a debt due by him, executed to the plaintiff a mortgage of a certain tract of land particularly described, and containing 125 acres, "being the tract whereon the said Ballenger then lived, and a part of the Westley Gilreath lands;" that afterwards, in December, 1881, the said Ballenger sold and conveyed 75 acres of the mortgaged premises to the defendant, Jenkins, who in part payment of the purchase money executed to the plaintiff his note for $300, "and said note was substituted for a corresponding amount of the indebtedness of the said Ballenger to the plaintiff under the mortgage aforesaid, the intention, understanding, and agreement of all the parties being that said mortgage should stand as security for the substituted note to the extent of the land conveyed by the said Ballenger to the said Jenkins;" and that afterwards Jenkins executed a mortgage of the said 75 acres to the defendant Reese.   Both Jenkins and Reese were made defendants and answered.

The case was referred to the master, and when it came up for trial on exceptions to his report, a verbal demurrer was interposed that the complaint did not state facts sufficient to constitute a cause of action.   The Circuit Judge sustained the demurrer, and the plaintiff appeals to this court upon the following grounds : I. Because his honor erred in holding that it was necessary to allege that the agreement between the plaintiff and the defendant, Jenkins, set out in the complaint, was not in writing.   II. Because his honor erred in holding that the complaint did not state facts sufficient to constitute a cause of action.

A demurrer admits the facts as alleged, and that being so, it seems to us that there can be no douht whatever that the complaint did state facts sufficient to constitute a cause of action. There was valuable consideration for Jenkins's note for $300 to the plaintiff. If the land was not the consideration of the note, then Jenkins to that extent got it for nothing. The mortgage from the beginning covered the identical land sold to Jenkins, and by the agreement of all parties the note of Jenkins "was substituted for a corresponding amount of Ballenger's indebtedness to the plaintiff under the mortgage, the intention of all the parties being that said mortgage should stand as a security for the substituted note." The parties had a right to make the arrangement. Neither the plaintiff's debt nor his mortgage was thereby satisfied. The note of Jenkins took the place of the original debt, and to the extent of the land the mortgage still covered and secured it. See *Burton* v. *Pressly, Cheves Eq.*, 1; *Gibbes* v. *Railroad Company*, 13 *S. C.*, 245.

But it is urged that the subject matter of the alleged agreement being lands, it coüld not, under the statute of frauds, be proved by parol; and therefore it was necessary that it should have been alleged to be in writing. The allegations do not state whether the agreement spoken of, was or was not in writing. Nothing is said on that subject. For aught that appears, the agreement may be in writing. "The statute of frauds did not prescribe a rule of pleading, but a rule of evidence, and it will be time enough to consider the question as to the character of evidence admissible, when in the progress of the case the proofs are reached." So far as concerns the question now before us, proof has been dispensed with by the implied admissions of the demurrer. "If an agreement or contract is stated in the declaration (complaint) to have been made, it is not necessary to allege that it was in writing, as that will be presumed until the contrary appears." *Brown St. Fr.*, § 505; *Poag* v. *Sandifer*, 5 *Rich. Eq.*, 180; *Hubbell* v. *Courtney*, 5 *S. C.*, 90; 7 *Wait. Act. & Def.*, 56.

In the case of *Hubbell* v. *Courtney*, it is said: "The fact that the complaint does not allege that the contract was in writing, is not conclusive, for the plaintiff was not bound to plead that fact."

In the citation from *Wait. Act. & Def.*, it is said: "In an action upon a contract required by the statute of frauds to be in writing, it is not necessary to allege in the complaint that it is in writing. For the purposes of the complaint, this will be presumed, and unless the contract is denied in the answer, or alleged to be void because not in writing, the statute furnishes no defence." *Marston* v. *Swett*, 66 *N. Y.*, 206. In 1 *Jones. Mortg.*, § 750, it is said: "Even a verbal promise by a purchaser to assume and pay a mortgage is valid, and may be enforced in equity not only by the grantor, but by the holder of the mortgage. * * * The assumption of the payment may be proved by parol evidence, although the deed to the purchaser contains covenants of warranty, and makes no mention of the mortgage or is simply subject to it."

The judgment of this court is, that the judgment of the Circuit Court be reversed.