7674

## GILLESPIE v. PAGE.

PLEADINGS—MISJOINDER OF PARTIES—DEMURRER.—In an action against an individual and a railroad company a complaint alleging in the first cause of action an express contract and in the second a joint indebtedness to plaintiff, is not subject to demurrer on ground of misjoinder of causes of action, because the second does not affect all the parties and requires different places of trial.

Before KLUGH, J., Chesterfield, . . . . . . . . . . . Affirmed.

Two actions by (1) S. O. Goodale, and (2) Gillespie Bros. against J. W. Page and Bennettsville and Cheraw Railway Company. From order overruling demurrer to complaints, defendants appeal.

*Messrs. Stevenson & Matheson,* for appellants, cite :.Bliss on Code Plead., 276-7; 3 Strob., 324; 48 S. C., 307; 16 S. C., 192; 22 S. C., 467; 19 S. C., 419.

*Messrs. Edward McIver* and *W. P. Pollock,* contra.

September 27, 1910.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    The allegations of the complaint in this case are identical, so far as the issue involved is concerned, with those in the case of S. O. Goodale against the same defendants. The cases were therefore heard together both in the Circuit Court and in this Court, and the same decision applies to both. The complaint sets out two causes of action. The railroad company demurred for misjoinder of causes of action, on the ground that the second cause of action set out does not affect all the parties to the action, and requires different places of trial. The force of the objection depends upon whether the plaintiff has, in the second cause of action, stated a cause of action against both

defendants. If so, the objection is untenable. The allegations of the second cause of action are as follows:

"That on or about the 4th day of July 1907, and subsequently, the plaintiffs furnished and delivered unto the defendants, f. o. b. cars at Patrick, S. C., billed to J. J. Heckart, an agent or officer of the defendant Bennettsville and Cheraw Railroad Company, five thousand and eight hundred cross-ties for use in the construction and repair of the said railroad, which said ties were reasonably worth the sum of one thousand and four hundred and fifty ($1,450) dollars, and the said defendants received the same, unloaded same, and used them in the construction and repair of the said railroad.

"That the said defendants have only paid unto the plaintiffs on account thereof the sum of five hundred dollars and twenty-five cents, and they refuse to pay any further sums, and they are indebted to the plaintiffs on account thereof in the sum of nine hundred and forty-nine dollars and seventy-five cents."

The contention of appellant is that no cause of action is alleged against the defendant, Page, because there is no allegation of an express contract between him and plaintiffs, and the facts are not alleged from which a promise to pay will be implied.

We deem it necessary to point to only one allegation of the complaint to show that the demurrer was properly overruled. After the previous allegations that the ties had been furnished and delivered to the defendants, and that they had received and used them and had paid only a certain amount on account thereof, it is further alleged "that *they* (that is, Page and the railroad company) are indebted to plaintiffs on account thereof" in the amount sued for. The allegation of indebtedness is an allegation of fact. *Miller* v. *George,* 30 S. C., 526, 9 S. E., 659; *Green* v. *Tally,* 39 S. C., 338, 17 S. E., 779.

Orders affirmed.