10047

*HORTON v. PULLMAN CO.

(96 S. E. 289.)

1. APPEAL AND ERROR—RIGHT TO APPEAL—SATISFACTION OF PART OF JUDGMENT.—In action against the Pullman Company for actual and punitive damages from being put off at wrong stop, plaintiff's appeal from order setting aside verdict for punitive damages must be dismissed where defendant has paid judgment entered on verdict for actual damages and had it marked satisfied.

2. CARRIERS—PASSENGERS—SLEEPING CARS—PUNITIVE DAMAGES.—Where neither the conductor nor the porter of a Pullman car were guilty of any intentional or wilful dereliction of duty in putting a passenger off at the wrong stop, the Pullman Company is not liable to her for punitive damages.

Before SHIPP, J., York, Spring term, 1917. Appeal dismissed.

Action by Zula Horton against the Pullman Company. From an order setting aside verdict for punitive damages, plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, submits: *There was evidence tending to support the verdict:* 105 S. C. 287; 73 S. C. 503; 68 S. C. 55; 25 S. C. 133; 63 S. C. 576; 103 S. C. 113; 23 Am. St. Rep. 356; 42 Fed. Rep. 484; 129 Am. St. Rep. 67; 89 S. C. 286; 100 S. C. 284; 98 S. C. 338; 101 S. C. 11; 91 S. C. 71; 89 S. C. 432; 34 L. R. A. 205; 59 Am. St. Rep. 896; 24 Am. St. Rep. 437; 74 Miss. 782; 2 Neg. Rep. 586; 24 Am. St. Rep. 434; 58 Ga. 216; 24 Am. Rep. 689; 53 Miss. 200; 24 Am. Rep. 437; 2 Am. Rep. 39; 100 Am. St. Rep. 915; 15 Am. St. Rep. 753; 26 Cyc. 1519; Thompson on Corporations, 2d Ed. 5456; 59 Am. St. Rep. 897; 15 Am. St. Rep. 753. *That granting new trial on*

*Note.—This case was originally reported in 110 S. C., p. 311 (96 S. E. 289). In the original report, the words "defendant's attorney," commencing on line 28, on page 313, should have been "plaintiff's attorney." This correction is made at the suggestion of Geo. W. S. Hart, Esq., of the York Bar.—D. S. RAY, Reporter.

*issues not raised was error:* 72 S. C. 419; 86 S. C. 544; 88
S. C. 88; 84 S. C. 477; Rule 77; Rule 18 Circuit Court; 72
S. C. 411; 35 S. C. 609; 55 S. C. 450; 53 S. C. 132; 78 S. C.
127.    *An order granting a new trial when based on an error
of law, is appealable:* 102 S. C. 2; 92 S. C. 368.    *As to
motion, by respondent, to dismiss appeal:* Code of Procedure
of 1912, sec. 216; 96 S. C. 403; 65 S. C. 443; 54 S. C. 498;
72 S. C. 262; 66 S. C. 542; 65 S. C. 444; 64 S. C. 113; 66
S. C. 130; 63 S. C. 397.

*Messrs. Hart & Hart, for respondent,* submit: *That the
two causes of action alleged in the complaint, united at the
ad damnum clause:* 73 S. C. 522-523; 65 S. C. 448; 105 S.
C. 151-154.    *As to the journey having been interstate:* 147
U. S. 101-117; 105 S. C. 287-291; 106 S. C. 155-158.

July 19, 1918.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Plaintiff brought this action to recover actual and punitive
damages.    She testified that in September, 1916, she was a
passenger on one of defendant's cars from Charlotte, N. C.,
to New York City; that, although the conductor and porter
who had charge of the car knew her destination, they put
her off at Newark, N. J., a station about six miles from New
York, telling her that she had arrived at her destination;
that she did not discover the mistake until after the train
was moving off from the station, when she called to the Pull-
man conductor, who was standing on the end of a car, and
told him that she had been put off at the wrong station, and
he called back to her to take the next train into New York,
which she did, arriving there about 30 minutes later; but she
says the later train had no Pullman accommodations, and

the cars were crowded with negroes and drunken men, and she was unable to get a seat, and had to stand up—at least part of the time.

Defendant moved for a directed verdict as to punitive damages for insufficiency of evidence. The motion was refused, and the jury found for plaintiff $500 actual damages, and $1,000 punitive damages. Defendant moved for a new trial on several grounds, and, in any event, for a reduction of the verdict as excessive.

After having had the motion under consideration for some time, the trial Judge stated his intention to grant a new trial, unless the verdict for punitive damages should be remitted, and directed the attorneys to prepare an order to that effect. Plaintiff's attorney proposed and submitted an order which absolutely set aside the verdict for punitive damages, and giving as the sole reason therefor that, as plaintiff was on an interstate journey, the case was brought wihin the Federal law, under which the verdict for punitive damages could not be sustained in the absence of ratification by defendant of the tort of its servants. Plaintiff's attorney gave notice of intention to appeal from that order, and defendant's attorney gave notice that he would ask that it be sustained on the additional ground that the evidence was insufficient to sustain it. In the meantime, plaintiff's attorney entered up judgment on the verdict for actual damages, issued execution therefor, and ordered the sheriff to make the money. Thereupon defendant paid the judgment, had it marked satisfied of record, and then moved this Court to dismiss plaintiff's appeal, on the ground that all damages for a single tort must be recovered in one action, and that a new trial cannot be had for punitive damages after the judgment for actual damages has been satisfied. We reserved decision of the motion to dismiss until after the hearing on the merits.

We are of the opinion that the motion to dismiss must be sustained on the authority of *Greer v. Western Union Telegraph Co.,* 105 S. C. 147, 89 S. E. 782. While the facts of the two cases are slightly different, the principle involved and decided in the Greer case is identically the same as that upon which defendant's motion is based.

While this view of the case makes it unnecessary to consider defendant's sustaining ground, nevertheless, to save plaintiff's attorney any embarrassment growing out of the situation, we do not hesitate to say that the evidence was not sufficient to sustain the verdict for punitive damages under the law as applied in this State, because it does not warrant any reasonable inference of an intentional or wilful dereliction of duty on the part of either the conductor or porter. We express no opinion as to whether the facts brought the case under the Federal law, or whether under that law they were sufficient to sustain a verdict for punitive damages.

Appeal dismissed.