10192

FURMAN ET AL. v. A. C. TUXBURY LAND AND TIMBER CO.

(99 S. E. 111.)

1. ACTION—DAMAGES IN CUTTING TIMBER—SEPARATE CAUSES OF ACTION—NEGLIGENCE AND WILFUL WRONG. — Where a purchaser of timber damaged the land and trees not sold while cutting timber, by wilful and reckless disregard of the vendor's rights, only one cause of action arose, and not a distinct cause of action for actual damages from negligence and another distinct cause of action for punitive damages for wilful invasion of plaintiff's rights.

2. PLEADING — STATEMENT OF CAUSE OF ACTION — SUFFICIENCY.—While Code Civ. Proc. 1912, sec. 192, requires plaintiff to state facts constituting his cause of action and demand the relief to which he supposes himself entitled, he is not required to characterize the facts stated, or to give his cause of action a name; that being the province of the Court.

3. NEGLIGENCE — PLEADING—ISSUES — NEGLIGENT AND WILFUL TORTS.—Where plaintiff alleges and proves a wilful tort, he may recover actual and punitive damages, and where he alleges a wilful tort he may, under that allegation, prove a negligent tort growing out of facts alleged, and recover actual damages therefor, without having specifically alleged that he was also negligently injured.

4. DAMAGES—PLEADING—EXEMPLARY DAMAGES.—An allegation of facts showing negligence only, or a characterization of the facts alleged as being negligent only, will not warrant the recovery of any other than actual or compensatory damages.

5. LOGS AND LOGGING — CONVEYANCE OF STANDING TIMBER — CONSTRUC·
TION OF CONTRACT — "CONVENIENT."—Under a contract whereby
plaintiff sold defendant all pine timber of 10 inches growing on his
land, with the right to do any and all other things necessary or "con-
venient" for the cutting, handling, hauling, and removing of the tim-
ber, defendant was given no arbitrary or unreasonable right, but only
the right to use such means as might be reasonably convenient, suit-
able, or reasonably adapted to the end in view, having reasonable
regard to plaintiff's rights.

6. TRIAL—INSTRUCTIONS—CHARGING ON FACTS.—In an action for dam-
ages sustained through defendant's negligence while cutting and
removing timber from plaintiffs' land, an instruction, "If you find
that the trespass on this property was in a high-handed" manner,
plaintiffs were entitled to punitive damages *held* not erroneous as
charging upon the facts.

7. LOGS AND LOGGING—CONTRACTS TO SELL STANDING TIMBER—CONSTRUC-
TION.—Where a contract provided for the sale and logging of pine
timber under 10 inches at the time of cutting, the purchaser would
not be relieved of liability for injuries to smaller trees on the theory
that they would attain a diameter of 10 inches before the expiration
of the contract.

8. APPEAL AND ERROR—SUSPENSION OF APPEAL—GROUNDS.—Where judg-
ment, in a suit for damages to plaintiffs' land by the acts of defendant
in cutting timber sold was recovered by two plaintiffs, the fact that
one of them had been absent, unheard of for more than seven years,
did not justify the suspension of an appeal pending a determination
of a suit to set aside the judgment.

Before PEURIFOY, J., Charleston, Fall term, 1917.
Affirmed.

Action by Boliver B. Furman and another against the A.
C. Tuxbury Land & Timber Company, a corporation. From
a judgment for plaintiffs, defendant appeals.

*Messrs. Miller & Miller* and *J. P. K. Bryan,* for appellant,
submit: *The complaint did not charge negligence of the
defendant; but charged a wilful tort, and it was error in the
presiding Judge to charge the jury that plaintiffs could
recover for the negligence of the defendant:* 61 S. C. 186;
64 S. C. 491; 78 S. C. 421; 84 S. C. 35; 32 S. C. 410, and
the cases cited therein at pp. 429, 430, 431, 432. See, also,
p. 433; 78 S. C. 419, 421, 422, 420.

*Messrs. McMillan & Heyward,* and *Ficken & Erckman,* for respondents, submit: *Charge was in conformity with some of defendant's own requests to charge—request 4; request 9; request 12:* 98 S. C., p. 55. *It is true that in the case of Proctor v. Ry. Co., 61 S. C. 170, the Court held that if one charged wilfulness alone he could not recover for negligence, but this was a case of tort, where the cause of action must be either wilful or negligent. It does not apply to actions of trespass upon real estate. In Baldwin v. Cable Company, 78 S. C., 419, the Court reaffirms the rule laid down in Proctor v. Ry., 61 S. C. 170, and cites in support of such rule:* 61 S. C. 186; 39 S. E. 351; 64 S. C. 491; 42 S. E. 427; 69 S. C. 327; 48 S. E. 252; 72 S. C. 261; 51 S. E. 697. *The Court, however, goes on to say neither wilfulness nor negligence is necessary to make trespass on real estate a tort:* 78 S. C. 422. *In the case at bar, plaintiffs reserved to themselves the standing timber under ten inches, and the cutting of such timber by defendant was a distinct trespass:* 99 S. C. 163-164; 221 Fed. Rep. 402; 80 S. C. 47; 78 S. C. 419. *In order for defendant to avail itself of the defense against the charge of injuring plaintiff's timber and land, it must show that it acted with due care in exercising its rights under the terms of the contract:* 80 S. C. 47; 78 S. C. 419. *The question as to charge on negligence was an after thought—was not called to the attention of the trial Judge and not referred for new trial after verdict, and the objection comes too late:* 91 S. C. 440; 95 S. C. 306; 95 S. C. 338; 95 S. C. 187; 102 S. C. 170; 80 S. C. 410. *As to the meaning of the word "convenience" in contract:* 221 Fed. Rep. 402; see A. & E. Ency. of Law under the head Convenient. *As to the title in timber before it reaches ten (10) inches:* 48 S. E. Rep. (N. C.) 588; 126 N. C. 254; 60 S. E. Rep., p. 503 (N. C.); 80 S. E. Rep., p. 886 (N. C.); 140 N. C., p. 462; 60 S. E. Rep., p. 530 (N. S.); 80 S. C. 106; 99 S. C. 163. *As to charge on facts:* 99 S. C. 163. *Verdict was fair:* 93 S. C. 420; 96 S. C. 385; 91 S. C. 477.

April 22, 1919.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Defendant appeals from judgment on verdict for plaintiffs for $10,000 damages done to plaintiffs' lands and the reserved timber thereon by defendant in cutting and removing therefrom certain timber which defendant had acquired the right to cut and remove under conveyances from plaintiffs.

In 1902, plaintiffs conveyed to another all the pine timber of ten inches (stump diameter) and upwards, at the time of cutting, on several tracts of their lands aggregating more than 7,000 acres. The deed contains the privileges and easements usually found in such grants, and, among them, the right "to do any and all other things that may be necessary or convenient for the cutting, handling, hauling and removing of the timber." In 1910, plaintiffs extended the time for cutting until April 20, 1930. Having acquired these rights, defendant cut the timber in 1913.

There was on the lands a valuable growth of small pines, under the size sold, and timber of various other kinds, which was reserved. Plaintiffs alleged that, over their protests, defendants used steam skidders in removing its timber, and thereby damaged and destroyed the young pines and other reserved timber and undergrowth so that their lands were practically denuded and greatly damaged, and that, in so conducting its operations, defendant acted wilfully and in reckless disregard of their rights.

Defendant denied the cutting or destroying of any timber that it did not have the right to cut or destroy under its license, and denied all allegations of wrongdoing, but admitted and justified the use of skidders, under the terms of the grant, on the ground that it was a convenient method of handling and removing the timber. At the trial, defendant

proved that the use of skidders was a convenient method of handling and removing the timber, which was not controverted.

Appellant complains because the Court instructed the jury that it was bound to exercise its rights in a reasonably careful way, with due regard to plaintiffs' rights, the error assigned being that the Court thereby brought into the case the issue of defendant's negligence, and allowed the jury to give damages therefor, when there was no allegation of negligence.

Appellant contends that the acts complained of gave rise to two causes of action, one for actual damages, arising from negligence, and one from punitive damages for the alleged wilful invasion of plaintiffs' rights; that this action was brought upon the cause of action for wilfully invading plaintiffs' rights, and, therefore, it was error to allow a recovery upon the cause of action for negligence.

It must be conceded that defendant is sustained in this contention by the decision of this Court in *Proctor v. Railway*, 61 S. C. 170, 39 S. E. 351, and in other cases that have followed that decision. In that case, the plaintiff was a passenger, and was wrongfully ejected from the train. He sued the railway company for damages, and alleged that his ejection was wilful. This Court held that the trial Court erred in instructing the jury that they might include in their verdict damages arising from negligence. The decision was rested upon the ground that the wrongful ejection gave rise to two separate and distinct causes of action, one for compensatory damages, arising from negligence, and the other for punitive damages, for the wilful invasion of plaintiff's right, and that, as negligence was not alleged, there could be no recovery on that cause of action.

With the utmost respect for the opinion of the very able and learned Justice who wrote for the Court in that case, we venture to think that we can show that the decision was wrong and ought to be overruled. In fact, when followed

to its logical conclusion, it led to such inconvenient, if not
unjust, consequences in the practical administration of jus-
tice that it has already been overruled in effect, though not
in so many words.

The case was remanded for a new trial, and plaintiff
moved to be allowed to amend his complaint, so as to allege
negligence.    The motion was refused, on the ground that he
would thereby be allowed to change substantially his cause
of action, or to add a new, separate, and distinct cause of
action, which could not be done by way of amendment.
And that decision was affirmed by this Court.    *Proctor v.
Railway,* 64 S. C. 491, 42 S. E. 427.    But that decision has
been overruled, in effect in *Taylor v. Railroad Co.,* 81 S. C.
574, 82 S. E. 1113, and in several other cases that have fol-
lowed the decision in Taylor's case.

Again, if in such cases there are two causes of action, the
plaintiff is not required to sue upon both at the same time,
or in the same complaint.    Under the provisions of the
Code, he may do so; but there is no law compelling him to
do so.    It follows that he could bring one action, charging
negligence only, and recover his actual damage.    He could
then bring another action, alleging that he was wilfully
injured, and recover punitive damages; and, if he should fail
in the first, the judgment would not bar the second.    Upon
the reasoning of Proctor's case, that is precisely what has
been attempted in at least two cases that have found their
way to this Court, to wit, *Greer v. Telegraph Co.,* 105 S. C.
147, 89 S. E. 782, and *Horton v. Pullman Co.,* 96 S. E. 289.
In both these cases we hold that the second action could not
be maintained, on the ground that a single cause of action
cannot be split into several actions.    In effect, these decisions
overruled Proctor's case.

The error in that decision was in confusing the cause of
action with the nature of the damages which the law imposed
upon the defendant as a consequence of its invasion of the
plaintiff's right.    In *Emory v. Hazard Powder Co.,* 22 S.

C. 476, 53 Am. Rep. 730, this Court adopted Pomeroy's definition of the term "cause of action," to wit, that it is a primary right, invaded without legal justification or excuse. Pom. Rem. 452, *et seq.* Let us apply that definition to the facts of Proctor's case. His right was to be carried. The defendant invaded that right by ejecting him from the train, without legal justification or excuse. The two things combined the right, and its invasion completed his cause of action. The damages which the law imposed upon the defendant as a consequence of its invasion of his right was the relief which it gave him for the wrong done him. The nature or kind of damages which the law allowed him to recover depended upon the manner in which his right was invaded, which is the same as to say, the nature of the relief allowed him depended upon the manner in which his right was invaded. By the manner in which his right was invaded, we mean the mental attitude of defendant in doing the wrong; if negligently, the relief was compensatory damages; if wilfully, the relief should have been compensatory and exemplary damages; but in either event damages was the relief. It follows that the relief alone, and not the cause of action, was determined or affected by the mental attitude of the defendant in doing the wrong. The authorities agree that the relief is no part of the cause of action.

The law requires the plaintiff to state the facts constituting his cause of action, and demand the relief which he supposes himself entitled to. Code Civ. Proc., sec. 192. It does not require him to characterize the facts stated, or to give his cause of action a name. The Court does that, and gives him the appropriate relief, not exceeding his demand. Hence, if the facts stated show a negligent invasion of his right, he is not required to say that his right was negligently invaded; and if they show wilful invasion of it, he is not required to say that it was wilfully invaded. Though he may characterize the acts complained of as negligent or wilful, and it is the usual practice to do so, his char-

acterization of them is of little consequence since their quality must be determined by the Court, or by the jury, under proper instructions from the Court.

It follows that where plaintiff alleges and proves a wilful tort, he may recover actual and punitive damages; and where he alleges a wilful tort, he may, under that allegation, prove a negligent tort, growing out of the facts alleged, and recover actual damages therefor, without having specifically alleged that he was also negligently injured. This is so because the allegation of the greater wrong includes the lesser.

Theoretically negligence and wilfulness imply different states of mind on the part of the tort-feasor. *Pickens v. Railway,* 54 S. C. 498, 32 S. E. 567. But those words and words of like import are not always used to express the precise mental state of the wrongdoer. They are used as often to express different degrees of culpability in wrongdoing. Hence we constantly find in textbooks, decisions, and statutes such expressions as "gross negligence," "reckless negligence," and "wilful negligence." Our crossing statute (Civil Code, sec. 3230) uses the expression "gross or wilful negligence." Such expressions may not be technically accurate, for, theoretically, the same act cannot be both negligent and wilful. But they are not misleading. Negligence may be so gross that it would be difficult, if not impossible, to distinguish it from wilfulness; and so we say that it may be so gross as to warrant the inference of wilfulness, which shows that the one shades into the other almost imperceptibly.

It follows that the same state of facts may give rise to a cause of action for either negligence or wilfulness, or, indeed, for both, as where different acts, some of which are negligent and some wilful, proximately contribute to the injury. In either event, the injured party ought not to be required to determine at his peril the state of mind of the wrongdoer. If he charge the greater wrong and prove only

the lesser, the wrongdoer has suffered no prejudice, for if he come prepared to defend against the greater, he would be equally prepared to defend against the lesser.　Upon analogous reasoning, in a forum where much greater strictness in pleading is required, the defendant may be charged with murder, which requires proof of malice, and convicted of manslaughter, which requires proof of killing in sudden heat and passion, or by negligence.　This is allowable on the theory that the greater offense, includes the lesser, even though they grow out of different states of mind on the part of the offender.　In the determination of cases, Courts ought to proceed upon practical rather than theoretical considerations.

The conclusions which we have reached are in harmony with the true intent and requirement of the following provisions of section 216 of the Code:

"In all actions *ex delicto* in which vindictive, punitive or exemplary damages are claimed in the complaint, it shall be proper for the party to recover also his actual damages sustained, and no party shall be required to make any separate statement in the complaint in such action, nor shall any party be required to elect whether he will go to trial for actual or other damages, but shall be entitled to submit his whole case to the jury under the instruction of the Court."

In this connection, it should be said that the converse of the proposition above stated is not true.　An allegation of facts showing negligence only, or a characterization of the facts alleged as being negligent only, will not warrant the recovery of any other than actual or compensatory damages, because the allegation of the lesser wrong does not include the greater.

The next assignment of error is in the refusal of the Court to instruct the jury that, under the terms of the grant,

defendant had an absolute right to use skidders, because that was shown to be a convenient method of handling and removing the timber. We agree with the trial Court that the word "convenient" must be construed so as to make it harmonize with the other words and provisions of the deed. Therefore it was properly held that the use of that word gave defendant no arbitrary or unreasonable right, but it was intended thereby to give defendant the right to use such means as might be reasonably convenient, suitable, or reasonably adapted to the end in view, having reasonable regard to the plaintiffs' reserved rights. This construction is sustained by reason and authority. *Thompson v. Ins. Co.,* 63 S. C. 290, 41 S. E. 464; *Vosburg v. Watts,* 221 Fed. 402, 137 C. C. A. 272.

The Court charged plaintiffs' fourth request, to wit: "If you find that the trespass on this property was in a high-hand, wilful, and wanton manner, over the protest of plaintiffs, the plaintiffs are entitled to recover punitive damages."

Appellant complains of this as a charge upon the facts, as in effect telling the jury that a trespass had been committed. If so, it was only by inference, and when the charge is considered as a whole, the inference is not warranted, and we are satisfied that the jury were not misled.

The Court instructed the jury that, under the terms of the deed, defendant had no estate in any of the pine timber on the land under ten inches in size (stump diameter), at the time of cutting. Defendant's contention at the trial was that, if any pine timber under the size specified was destroyed, it would not be liable therefor, if such timber would have attained the specified size by the 20th of April, 1930, the end of the term in which it had the right to cut and remove it. That construction of the grant would have given defendant the right to destroy all pine timber on the land which would have attained the specified size by the end of the term, even though defendant had no intention to

return and exercise its right to cut and remove it at a later date, during the term, and even though such right may have been lost or determined before the end of the term. Clearly, that was not what the parties intended, and that was not the intention expressed and implied in their contract. When plaintiffs conveyed all the pine timber of the size specified, at the time of cutting, they provided a certain and definite standard and method of ascertaining what timber was sold and what was reserved, and they were entitled to the protection of that provision for certainty at all times during the life of the contract. Defendant's construction would have made uncertain and thrown open to speculation a matter about which the plaintiffs had stipulated for certainty; for how could a jury do more than speculate as to the size to which a sapling pine would grow in any given number of years? The rapidity of its growth would depend upon the fertility and character of the soil, the density of surrounding growth, future atmospheric conditions, such as heat and cold, rain and droughts, and other contingencies which it would be impossible to forecast, prove or disprove. Under this provision of the grant, defendant had no right to cut or destroy any pine timber under the specified size, at the time of cutting.

Sometime after the entry of the judgment herein, defendant learned incidentally from the testimony of B. B. Furman, in an action between these plaintiffs and another party, that the plaintiff, I. K. Furman, had been absent from the State and not heard from for more than ten years. Thereupon defendant brought an action in the Circuit Court to set aside the judgment herein, alleging that, at the time this action was commenced, I. K. Furman had been absent and unheard of for more than seven years, a sufficient length of time to give rise to the presumption that he was dead, and, therefore, that the judgment is void. At the hearing of this appeal, defendant moved to suspend the appeal, pending decision of its action to set aside the judg-

ment herein.   The motion was refused on the authority of *Martin v. Fowler,* 51 S. C. 164, 28 S. E. 312, and *Life Ins. Co. v. Mobley,* 90 S. C. 552, 73 S. E. 1032.   In *Martin v. Fowler,* it was held that defendant, having admitted plaintiff's allegation of his right to sue, was estopped to deny it after judgment.   In this case, defendant admitted in its answer that plaintiffs were the owners of the lands described in the complaint.   In *Life Ins. Co. v. Mobley,* it was held that the defendant, in an action in which judgment by default had been entered against him, could not maintain an independent action to set aside that judgment on the ground that he had not been served with process and that his remedy was by motion in the original cause.

Judgment affirmed.