## 12721

ATLANTIC COAST LUMBER CORPORATION v. MORRISON *ET AL.*

SOUTHERN MERCANTILE CO v. SAME

(149 S. E., 243)

*Messrs. Huger, Wilbur, Miller & Mouzon,* for appellants,

*Mr. M. W. Pyatt* for respondent,

August 21, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

These two causes, in which identical questions have been raised, were heard together on circuit. It was agreed there that the decree in the case first entitled would apply to the other case also; and, likewise, the judgment here is to determine both cases.

The respondent here was the petitioner in the lower Court; and the appellants here were the respondents in that tribunal. To avoid confusion, we adopt the same terminology the parties had on the circuit, referring to the petitioner-respondent simply as the petitioner and the respondents-appellants as the respondents.

The petitioner instituted its proceeding, styled a petition to foreclose a mechanic's lien, in the Court of Common

Pleas for Charleston County, and there was served on the respondents with the petition the usual summons in a civil action.

The petition, omitting the formal parts, contained allegations, briefly stated, as follows: (a) That respondents contracted with one Powers to enlarge and improve a school building for the school district of respondents: (b) a description of the premises upon which the building was located; (c) ownership of the premises by respondents; and, (d) the filing within the required time in the office of the register of mesne conveyances of proper statement of petitioner's claim for a mechanic's lien. In addition, the petition set up certain matters, as will be shown by the following quotations therefrom:

"5. That the said E. Powers, Contractor, with the knowledge and consent of the said trustees, and at their instance and request, purchased certain lumber from your petitioner, and became indebted to your petitioner in the amount of One Thousand One Hundred Twenty-eight and 43/100 ($1,-128.43) Dollars, for lumber sold and delivered by said Atlantic Coast Lumber Corporation, your petitioner, to the said E. Powers, Contractor, to be used in constructing the addition to said school building, and that the said lumber was sold by said petitioner to said Powers with the knowledge and consent, and at the instance and request, of the said trustees as above set forth."

" 7. That the said E. Powers, Contractor, has failed and neglected to pay petitioner any part of the purchase price of the said lumber sold, and that there is now due and owing to the petitioner from the respondents the sum of One Thousand One Hundred and Twenty-eight & 43/100 ($1,128.43) Dollars."

"8. That your petitioner began to furnish material on or about the 24th day of July, 1928, and continued to furnish material until the 26th day of July, 1928, and that an itemized and verified account of the lumber sold and delivered by your petitioner to the said E. Powers, Contractor, with the

knowledge and consent and at the instance and request of the said respondents, is hereto attached."

In the prayer of the pleading, the petitioner demanded judgment against the respondents for the amount of its alleged claim, and asked that the same be adjudged a lien on the premises described, and that said premises be sold and the proceeds of sale be applied to petitioner's claim and the costs and disbursements of the action.

The respondents demurred to the petition on three grounds, which demurrer was overruled by Hon. William H. Grimball, presiding Judge, in an order he made. It is from that order that the respondents have appealed.

The grounds of demurrer and the five exceptions on appeal raise, as succinctly stated in the argument of respondents' counsel, three questions for determination, as follows:

(1) Can there be a mechanic's lien on a public school building?

(2) If it appears from the allegations of a petition to foreclose a mechanic's lien that the petitioner has no lien, can the action be allowed to proceed as an action *in personam,* or should the petition be dismissed upon demurrer?

(3) Does the petition in this case state facts sufficient to constitute a cause of action *in personam?*

As to the first question: In his order, Judge Grimball stated that he was satisfied that the great weight of authority was to the effect that no mechanic's lien could be enforced against any public building, such as a schoolhouse. We agree with him in that view. There does not appear to be any doubt of the proposition that public property may not be subjected to a mechanic's lien, except upon specific statutory authority. See note to 26 A. L. R., 326; 40 C. J., 57; 18 R. C. L., 881. There is no statute in this State making and authorizing a public building to be subject to such lien.

We turn to the second question: It does appear from our decisions that the respondents are correct in their position that in a proceeding strictly to enforce a mechanic's lien, the

petitioner may not recover a personal judgment against the owner of the property or such judgment for any deficiency that may result from its sale. *Johnson v. Frazee,* 20 S. C., 500; *Tenney v. Water Power Co.,* 67 S. C., 11, 45 S. E., 111; *Metz v. Critcher,* 83 S. C., 396, 65 S. E., 394; *Smythe v. Monash,* 109 S. C., 82, 95 S. E., 138.

But the result of our answer to the first question is to eliminate from the petitioner's pleading all the allegations pointing directly to the mechanic's lien, its establishment and enforcement. Those allegations, so far as the pleading is concerned, may be treated as surplusage, and disregarded. *Lorick & Lowrance v. Caldwell,* 85 S. C., 94, 67 S. E., 143; *Farmers' Union Mercantile Co. v. Anderson,* 108 S. C., 66, 93 S. E., 422.

Since the petitioner had no lien on the school building, its proceeding to enforce such alleged lien necessarily fell through. The statutes as to "Liens on Lands and Buildings for Labor and Materials" (Chapter 90, Article 2, Vol. 3, Code 1922) were not applicable to the relief, if any, to which petitioner was entitled.

A civil action in a Court of record in this State is commenced by the service of a summons (Section 383, Vol. 1, Code 1922); and such summons, in the usual and required form, was served in this case.

Although the moving party was styled "petitioner" rather than "plaintiff," both in the caption and the body of the pleading, there is no substantial difference in the meaning of the two terms; the words "petitioner" and "plaintiff" being practically synonymous in legal nomenclature. That small error, if any, could easily have been corrected by amendment. *Pieper v. Shahid,* 101 S. C., 364, 85 S. E., 905.

While the pleading of the moving party was styled "petition" instead of a "complaint," the term technically proper to be used under Section 398 of the Code of Civil Procedure, we do not think the variance, one only in form, made any material difference. "The name given to a

pleading is not controlling, but its character is always to be determined by its allegations." 31 Cyc. 46.

Disregarding the surplusage matter as to the mechanic's lien, we find left in the pleading of the petitioner statements to the effect that it furnished certain material for the enlarging and improvement of the schoolhouse, owned by the respondents-trustees, of the value of $1,128.43, for which it had not received payment, and that the respondents were due to the petitioner the said sum. All of these are allegations appropriate to a suit at law for the recovery of money.

The petition here measured up to the requirements of a complaint in a civil action for the recovery of money, as laid down in Section 399, Vol. 1, of the Code, since it contained the title of the cause, specified the name of the Court in which the action was brought, the name of the county in which the petitioner (plaintiff) desired the trial to be had, and the parties to the action; a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition, and a *demand of the relief to which the plaintiff supposed itself entitled.*

"The law requires the plaintiff to state the facts constituting his cause of action, and demand the relief which he supposes himself entitled to. * * * It does not require him to characterize the facts stated, or to give his cause of action a name. The Court does that, and gives him the appropriate relief, not exceeding his demand." *Furman v. Tuxbury Land & Timber Co.,* 112 S. C., 71 , 99 S. E., 111, 113.

The answer to the question under consideration must be that the petitioner can proceed with the action *in personam,* and its pleading should not have been dismissed.

Much of what has already been said applies to the third question for determination. It is our opinion that the petition does state facts sufficient to constitute a cause of action *in personam.* It is alleged in para-

graph 5 of the petition that Powers purchased lumber "with the knowledge and consent of the said trustees (respondents), and at their instance and request"; also that the lumber was sold by the petitioner to Powers "with the knowledge and consent, and at the instance and request, of the said trustees as above set forth." In paragraph 7, after having alleged that Powers had failed and neglected to pay the purchase price, the pleading set forth, "and that there is now due and owing to the petitioner from the respondents" the sum of money claimed to be due. In paragraph 8 it is charged that a verified account is attached to the pleading, showing the lumber sold and delivered by the petitioner to Powers "with the knowledge and consent and at the instance and request of the said respondents."

The case of *Gillespie v. Page,* 87 S. C., 82, 68 S. E., 1044, settles the point against the contention of the respondents, in our opinion. The complaint here is even stronger than the complaint in that case. The suit in the *Gillespie case* was against Page and a railroad company. The defendants demurred on the ground that no cause of action was alleged against the defendant, Page, because there was no allegation of an express contract between him and the plaintiff, and the facts were not alleged from which a promise to pay would be implied. The complaint contained, however, these words, "that *they* (that is, Page and the railroad company) are indebted to plaintiffs on account thereof" in the amount sued for. This Court sustained the lower Court in overruling the demurrer.

We are not called upon at this time, perhaps, to pass upon the suggestion of respondents that the petitioner cannot recover because the debt of Powers could not become the debt of the trustees, unless the latter agreed in writing to pay it. In the first place, the respondents cannot take advantage of the Statute of frauds, even if it be applicable, by demurrer. *Groce v. Jenkins,* 28 S. C., 172, 5 S. E., 352.

It may be hereafter determined also that the allegations of the complaint are sufficient to bring the case within the principles announced in *Gaines v. Durham,* 124 S. C., 435, 117 S. E., 732, or the principles stated in *Lorick & Lowrance v. Caldwell, supra.*

It is the judgment of this Court that the order overruling the demurrer be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.