13132

SPRATT BUILDING & LOAN ASS'N v. ROPER, *ET AL.*

(158 S. E., 495)

October, 1930.

*Mr. Sheldon M. Roper,* for appellant,

*Messrs. Jas. H. Glenn* and *J. M. Wise,* for respondent,

May 4, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for recovery on three promissory notes given to the plaintiff by the defendant J. C. Roper, Sr., and foreclosure of real estate mortgages securing them. The defendant entered a general denial; and also set up a counter-claim, alleging that some time after the execution of the notes and mortgages, and prior to the institution of the action, plaintiff and defendant entered into a contract whereby the former agreed to accept from the latter a deed of the premises covered by the mortgage, or to "reorganize" the

indebtedness, in satisfaction of defendant's debt; that without any notice or demand on the defendant in regard to such contract, the plaintiff peremptorily instituted this action, which constituted a flagrant breach of the contract and for which he is entitled to damages.

The plaintiff interposed a demurrer to the counterclaim on the grounds that: (1) It appears upon its face that it is based upon an alleged contract to convey real estate, but there is no allegation that such contract is in writing, as required by the statute of frauds: (2) it appears upon its face that the cause of action alleged does not arise out of the same transaction as does the cause of action set forth in the complaint, and is not connected with the subject of the action; and (3) it appears upon its face that it is based upon an alleged independent tort, in no way connected with the contracts constituting the basis of the plaintiff's cause of action. Upon a hearing of the matter, Judge Ramage sustained all the grounds of demurrer and ordered the counterclaim stricken from the answer. From this order defendant appeals.

To show that the trial Judge was in error in sustaining the first ground of the demurrer, it is only necessary to cite *Atlantic Coast Lumber Corporation v. Morrison*, 152 S. C., 305, 149 S. E., 243, and *Groce v. Jenkins*, 28 S. C., 172, 5 S. E., 352, 354. In the latter case it is said: "But it is urged that the subject-matter of the alleged agreement being lands, it could not, under the statute of frauds, be proved by parol; and therefore it was necessary that it should have been alleged to be in writing. The allegations do not state whether the agreement spoken of was or was not in writing—nothing is said on that subject. For aught that appears, the agreement may be in writing. The statute of frauds did not prescribe a rule of pleading, but a rule of evidence, and it will be time enough to consider the question as to the character of evidence admissible when in the progress of the case the proofs are reached. So far

as concerns the question now before us, proof has been dispensed with by the implied admissions of the demurrer. If an agreement or contract is stated in the declaration (complaint) to have been made, it is not necessary to allege that it was in writing, as that will be presumed until the contrary appears."

Section 411 of Volume 1 of the 1922 Code provides that a counterclaim must arise out of one of the following causes of action:

"1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

It is not contended—and clearly could not be maintained—that the counterclaim here comes within the requirements of Subdivision 1. Appellant contends, however, that it is based upon a breach of contract and, therefore, comes within the requirements of Subdivision 2, while respondent contends that it states an action in tort, and, therefore, cannot be maintained as a counterclaim.

In *Citizens' National Bank v. Hawkins*, 140 S. C., 43, 138 S. E., 541, 542, it is said:

"Under the common-law rule, in case of doubt as to meaning, that construction was given to the pleading which was most unfavorable to the pleader, but by statute a more liberal rule has been adopted, with a view to substantial justice between the parties. Section 420, Vol. 1, Code 1922.

"In order to determine whether the action brought is *ex delicto* or *ex contractu*, pleadings should be liberally construed in favor of the pleader, so that substantive rights may not be defeated by technical rules (*Lorick v. Bank*, 76 S. C., 502, 57 S. E., 527); and if it is doubtful whether the action is on contract or in tort, the doubt should be resolved in favor of the former (*Randolph v. Walker*, 78 S. C., 157,

59 S. E., 856) ; also, allegations of negligence will not convert a breach of contract into a tort (*Farmers' Union Company v. Anderson,* 108 S. C., 70, 93 S. E., 422)."

Even under these liberal rules of construction we are unable to reach any conclusion other than that the alleged cause of action set up in the counterclaim is one in tort and not one *ex contractu.* While it sets forth the execution of a contract between plaintiff and defendant and a breach of the contract by plaintiff, it also alleges, in apt language, a cause of action for damages arising *ex delicto,* "the allegations as to the contract being merely preliminary to the action based on tort." *Winthrop v. Allen,* 116 S. C., 388, 108 S. E., 153, 155; *Pickens v. Railway,* 54 S. C., 498, 32 S. E., 567; *Hellams v. Telegraph Co.,* 70 S. C., 83, 49 S. E. 12; *Harrison v. Western Union Telegraph Co.,* 71 S. C., 386, 51 S. E., 119.

The gravamen of defendant's action is contained in the following allegations of the answer:

"* * * That plaintiff without just cause, excuse or reason and in pursuance of a pre-determined and malicious scheme and design to harass and aggravate this defendant, broke up the arrangements thus effected by this defendant."

" * * * The said plaintiff peremptorily, maliciously, unjustly and illegally instituted this action against the defendant, whereby the plaintiff seeks to recover of the defendant a large sum of money, far in excess of any just amount owing to plaintiff by this defendant; and the defendant here avers that the institution of this action, in open and violent disregard for the terms of the contract then and now existing between plaintiff and defendant as fully alleged in paragraph two of this pleading, not only constitutes a breach of plaintiff's contract with this defendant, but constitutes an unwarranted and unjustifiable injury to this defendant in his name and reputation."

" * * * That this was done in pursuance of a malicious and illegal design and scheme to destroy the good

name and prestige of this defendant to the destruction of defendant's influence as a Minister of the Gospel and to the individual hurt of defendant, in that the amount claimed by plaintiff against this defendant is far in excess of any sums owing to plaintiff by defendant."

"That by reason of the malicious breach and violation of its contract with defendant, as hereinbefore alleged, the plaintiff has placed defendant in a false and unjust position to the hurt of this defendant in his capacity as a Minister of the Gospel and individually, and has greatly endamaged this defendant in the sum of Five Thousand Dollars ($5,-000.00).    *    *    *"

"That the defendant, by reason of the matters and things fully alleged and set forth in his further answer, defense, cross-action and counterclaim and more specifically on account of the unwarranted and illegal breach of its contract with this defendant, recover of the plaintiff as damages, the sum of Five Thousand Dollars ($5,000.00)."

It is clear that the defendant seeks recovery for a tort arising out of contract rather than for a breach of the contract itself. It will be noted that the institution of the suit by the plaintiff is charged to be "malicious"; and that stress is laid upon the injury to defendant's name, reputation, and influence as an individual and as a minister of the gospel —the result of a tortious act. Then, too, the amount of damages sought is greater than the amount of the mortgage debt, and there is no allegation of fraud so as to allow the recovery of punitive damages for breach of the contract. See *Citizens' National Bank v. Hawkins, supra.*

For the reason stated, the order appealed from is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Cothran and Carter concur.

Mr. Justice Bonham disqualified.